

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>5 Sylvan Way<br>P.O. Box 118<br>Parsippany, New Jersey 07054<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Brett S. Moore, Esq. (bsmoore@pbnlaw.com)<br>Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)<br><br>*Proposed Counsel to Debtor and Debtor-In-Possession* | **Order Filed on April 20, 2026<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>JOSHUA TOURS LIMITED LIABILITY COMPANY,[1]<br><br>                  Debtor. | Chapter: 11<br><br>Case No.: 26-14194 (MEH) |

**INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EMPLOYEE EXPENSES; (II) DIRECTING ALL BANKS TO HONOR CHECKS FOR PAYMENT OF EMPLOYEE OBLIGATIONS; AND (III) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through five (5), is hereby

**ORDERED**.

**DATED: April 20, 2026**

_____

Honorable Mark E. Hall
United States Bankruptcy Judge

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number is: Joshua Tours Limited Liability Company (9686). The location of the Debtor's service address is: 183 Autumn Street, Passaic, NJ 07055.

10219533

Page:          2
Debtor:        JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:      26-14194 (MEH)
Caption of Order:  INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EMPLOYEE EXPENSES; (II) DIRECTING ALL BANKS TO HONOR CHECKS FOR PAYMENT OF EMPLOYEE OBLIGATIONS; AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an interim order (this "Interim Order"): (a) (i) authorizing the Debtor to pay prepetition employee wages, salaries, other compensation, and reimbursable employee expenses, and (ii) directing all banks to honor checks for payment of employee obligations; (b) scheduling a final hearing to consider approval of the Motion on a final basis; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11* of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is **HEREBY ORDERED THAT**:

1.     The Motion is **GRANTED** on an interim basis as set forth in this Interim Order.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

10219533

Page: 3
Debtor: JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.: 26-14194 (MEH)
Caption of Order: INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EMPLOYEE EXPENSES; (II) DIRECTING ALL BANKS TO HONOR CHECKS FOR PAYMENT OF EMPLOYEE OBLIGATIONS; AND (III) GRANTING RELATED RELIEF

2.     The final hearing (the "Final Hearing") on the Motion shall be held **on May 12, 2026, at 10:00 a.m., prevailing Eastern Time**. Objections or responses to entry of a final order on the Motion shall be filed on or before **4:00 p.m., prevailing Eastern Time, on May 5, 2026**. If no objections are filed to the Motion, this Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3.     The Debtor is hereby authorized, but not directed, to pay, subject to the statutory caps set forth in 11 U.S.C. § 507(a)(4)-(5), all prepetition Employee claims for wages, salaries, commissions, compensation, benefits and reimbursable business expenses, and other employee-related costs, including but not limited to Accrued Wage and Salary Claims, Workers' Compensation Payments, Employee Business Expenses, Garnishments and Benefits, so long as the aggregate Employee payments to each Employee on account of such pre-petition claims do not exceed, in the aggregate, the $17,150 cap set forth in section 507(a)(4)-(5) of the Bankruptcy Code. In connection with any such payments to Employees on account of their pre-petition claims, the Debtor shall pay any related payroll taxes.

4.     The Debtor is hereby authorized, but not directed, subject to the statutory caps set forth in 11 U.S.C. § 507(a)(4)-(5), to continue Employee Obligations programs, including with respect to vacation, sick, personal and holiday leave and similar benefit programs.

5.     All banks and financial institutions at which the Debtor maintains accounts are (i) authorized to honor prepetition payroll and transfers on or after the Petition Date, and to the extent that any bank or financial institution may have honored any prepetition payroll checks, such honoring is ratified, (ii) authorized to process and honor all other checks and transfers issued for

10219533

Page:           4
Debtor:         JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:       26-14194 (MEH)
Caption of Order:   INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EMPLOYEE EXPENSES; (II) DIRECTING ALL BANKS TO HONOR CHECKS FOR PAYMENT OF EMPLOYEE OBLIGATIONS; AND (III) GRANTING RELATED RELIEF

payments approved by this Interim Order and/or reissued checks for any payments approved by this Interim Order where such checks may be dishonored post-petition, and (iii) prohibited from placing holds on, or attempting to reverse, automatic transfers to Employee accounts for such employee obligations.

6.      Each of the Debtor's banks are authorized to debit and/or credit the Debtor's accounts pursuant to this Interim Order in the ordinary course of business without need for further order of this Court.

7.      Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall create, nor is intended to create, any rights in favor of, or enhance the status of, any claim held by any person or entity.

8.      The requirements set forth in Bankruptcy Rule 6003 are satisfied by the contents of the Motion or otherwise deemed waived.

9.      Nothing in the Motion or this Interim Order shall be deemed to (i) authorize the payment of any amounts that are subject to section 503(c) of the Bankruptcy Code, including, for the avoidance of doubt, payment of any bonus, incentive or severance obligations to or on behalf of any "insider" (as defined by section 101(31) of the Bankruptcy Code) or (ii) violate or permit a violation of section 503(c) of the Bankruptcy Code.  If the Debtor seeks to pay any amounts that are subject to 503(c) of the Bankruptcy Code, the Debtor will seek approval of such payment, if any, by separate motion under section 503(c) of the Bankruptcy Code.

10.     Nothing in this Interim Order authorizes the Debtor to accelerate any payments not otherwise due.

10219533

| Page: | 5 |
|---|---|
| Debtor: | JOSHUA TOURS LIMITED LIABILITY COMPANY |
| Case No.: | 26-14194 (MEH) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO PAY PREPETITION EMPLOYEE WAGES, SALARIES, OTHER COMPENSATION, AND REIMBURSABLE EMPLOYEE EXPENSES; (II) DIRECTING ALL BANKS TO HONOR CHECKS FOR PAYMENT OF EMPLOYEE OBLIGATIONS; AND (III) GRANTING RELATED RELIEF |

11.     The requirements of Bankruptcy Rule 6004(a) are waived and notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon entry.

12.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

13.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

14.     The Debtor shall serve a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f).

15.     Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

16.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

17.     This Interim Order is effective immediately upon entry.

10219533