

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>5 Sylvan Way<br>P.O. Box 118<br>Parsippany, New Jersey 07054<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Brett S. Moore, Esq. (bsmoore@pbnlaw.com)<br>Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)<br><br>*Proposed Counsel to Debtor and Debtor-In-Possession* | Order Filed on April 20, 2026<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In re:<br><br>JOSHUA TOURS LIMITED LIABILITY COMPANY,[1]<br><br>                    Debtor. | Chapter: 11<br><br>Case No.: 26-14194 (MEH) |

## INTERIM ORDER AUTHORIZING THE DEBTOR TO (I) CONTINUE USE OF ITS CASH MANAGEMENT SYSTEM, (II) MAINTAIN ITS EXISTING BANK ACCOUNTS, AND (III) CONTINUE USE OF ITS EXISTING BUSINESS FORMS

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby

**ORDERED**.

**DATED: April 20, 2026**

_____
Honorable Mark E. Hall
United States Bankruptcy Judge

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number is: Joshua Tours Limited Liability Company (9686). The location of the Debtor's service address is: 183 Autumn Street, Passaic, NJ 07055.

10231629

Page:              2
Debtor:            JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:          26-14194 (MEH)
Caption of Order:  INTERIM ORDER AUTHORIZING THE DEBTOR TO (I) CONTINUE USE OF ITS
                   CASH MANAGEMENT SYSTEM, (II) MAINTAIN ITS EXISTING BANK
                   ACCOUNTS, AND (III) CONTINUE USE OF ITS EXISTING BUSINESS FORMS

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an interim order (this "Interim Order"), (a) authorizing, but not directing, the Debtor to (i) continue use of its cash management system, (ii) maintain its existing bank accounts, and (iii) continue use of its existing business forms, and (b) scheduling a Final Hearing to consider entry of the Final Order to the extent a hearing is necessary, all as more fully set forth in the Motion; and upon the First Day Declaration; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion was appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is **GRANTED** on an interim basis as set forth in this Interim Order.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on **May 12, 2026, at 10:00 a.m., prevailing Eastern Time**.  Objections or responses to entry of a final

---

[2] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such term as in the Motion.

10231629

Page:          3
Debtor:        JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:      26-14194 (MEH)
Caption of Order:   INTERIM ORDER AUTHORIZING THE DEBTOR TO (I) CONTINUE USE OF ITS
CASH MANAGEMENT SYSTEM, (II) MAINTAIN ITS EXISTING BANK
ACCOUNTS, AND (III) CONTINUE USE OF ITS EXISTING BUSINESS FORMS

order on the Motion shall be filed on or before **4:00 p.m., prevailing Eastern Time, on May 5, 2026**. If no objections are filed to the Motion, this Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3.      The Debtor is authorized and empowered, on an interim basis and in its sole discretion, pursuant to sections 105(a) and 363(c) of the Bankruptcy Code, to continue using its Cash Management System as defined in the Motion to the extent set forth herein.

4.      The Debtor is authorized on an interim basis and in its sole discretion to: (a) designate, maintain and continue to use any or all of its existing Bank Accounts, including, without limitation, the Bank Accounts with those Banks listed on **Schedule 1** to this Interim Order, in the names and with the account numbers existing immediately before the Petition Date in the ordinary course of business consistent with historical practices; (b) deposit funds in and withdraw funds from these accounts by all usual means, including, without limitation, checks, wire transfers, automated transfers and other debits; and (c) treat its prepetition Bank Accounts for all purposes as debtor in possession accounts. The Debtor shall not make any material changes to the Cash Management System without providing notice within three (3) business days to the U.S. Trustee and to counsel to any statutory committees appointed in this case.

5.      The Debtor is authorized to continue using its prepetition business forms and books and records (including, without limitation, letterhead, purchase orders, invoices, correspondence, business forms, checks, and other documents related to the Bank Accounts) in their present form and without reference to the Debtor's status as debtor in possession; *provided, however,* that following the depletion of the Debtor's Business Forms and Books and Records including but not limited to check stock and/or business form stock, the Debtor will obtain new Business Forms and

10231629

Page:                4
Debtor:              JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:            26-14194 (MEH)
Caption of Order:    INTERIM ORDER AUTHORIZING THE DEBTOR TO (I) CONTINUE USE OF ITS
                     CASH MANAGEMENT SYSTEM, (II) MAINTAIN ITS EXISTING BANK
                     ACCOUNTS, AND (III) CONTINUE USE OF ITS EXISTING BUSINESS FORMS

Books and Records including but not limited to check stock and/or business form stock reflecting its status as debtor-in-possession and include the bankruptcy case number on all checks. Notwithstanding the above, the Debtor shall stamp "DIP" on all checks until new business forms, checks and records are obtained.  Further, within ten (10) days of entry of this Interim Order, the Debtor shall update any electronically produced checks to reflect its status as "Debtor in Possession" and to include the bankruptcy case number.

6.      Within three (3) days after entry of this Interim Order, the Debtor shall serve a copy of this Interim Order on the Banks.

7.      For Banks at which the Debtor holds Bank Accounts that are party to a Uniform Depository Agreement ("UDA") with the Office of the United States Trustee for Region 3, within five (5) days of the date of entry of this Interim Order, the Debtor shall (a) contact each Bank, (b) provide the Bank with the Debtor's employer identification numbers, and (c) identify each of its Bank Accounts held at such Banks as being held by a debtor in possession in a bankruptcy case and provide the case number.

8.      For banks at which the Debtor holds accounts that are not party to a UDA with the U.S. Trustee, the Debtor shall use its good-faith efforts to cause the Banks to execute a UDA in a form prescribed by the U.S. Trustee within thirty (30) calendar days of the date of this Interim Order.  The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned Banks are unwilling to execute a UDA in a form prescribed by the U.S. Trustee are fully preserved.

9.      Except as otherwise expressly provided in this Interim Order, all Banks at which the Bank Accounts are maintained are authorized and directed to continue to service and administer

10231629

Page:               5
Debtor:             JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:           26-14194 (MEH)
Caption of Order:   INTERIM ORDER AUTHORIZING THE DEBTOR TO (I) CONTINUE USE OF ITS
                    CASH MANAGEMENT SYSTEM, (II) MAINTAIN ITS EXISTING BANK
                    ACCOUNTS, AND (III) CONTINUE USE OF ITS EXISTING BUSINESS FORMS

the Bank Accounts as accounts of the Debtor as debtor in possession, without interruption and in the ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires and ACH Payments issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

10.    The Banks are authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court on account of: (a) all checks drawn on the Debtor's accounts that are cashed at such Banks' counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date, to the extent authorized by the Court; (b) all checks or other items deposited in one of the Debtor's accounts with such Banks prior to the Petition Date that have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date, to the extent authorized by the Court; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.  The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of prepetition obligations approved separately by the Court are authorized and directed to receive, process, honor and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as being approved by this Interim Order without further duty to independently verify or audit.

11.    The Banks are authorized to charge, and the Debtor is authorized to pay, honor, or allow all bank fees, and charge back returned items to the Bank Accounts in the ordinary course.

10231629

Page:              6
Debtor:            JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:          26-14194 (MEH)
Caption of Order:  INTERIM ORDER AUTHORIZING THE DEBTOR TO (I) CONTINUE USE OF ITS
                   CASH MANAGEMENT SYSTEM, (II) MAINTAIN ITS EXISTING BANK
                   ACCOUNTS, AND (III) CONTINUE USE OF ITS EXISTING BUSINESS FORMS

12.    To the extent any of the Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtor shall have until a date that is thirty (30) days from the date of this Interim Order, without prejudice to seeking additional extensions, to either come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines or to make such other arrangements as are agreed to by the U.S. Trustee or approved by the Court.

13.    The Office of the United States Trustee for Region 3 shall have sixty (60) days from entry of this Interim Order to review the Debtor's Bank Accounts and Cash Management System, and to object to the relief granted herein, if necessary.

14.    The Debtor is authorized to open any new bank accounts or close any existing Bank Accounts as it may deem necessary and appropriate in its sole discretion and the banks and financial institutions are authorized to honor the Debtor's requests to open or close, as the case may be, such accounts or additional accounts; *provided, however,* that any such new bank account shall be established at an institution that is (a) a party to a UDA with the U.S. Trustee for the District of New Jersey or is willing to immediately execute a UDA, and (b) agrees to be bound by the terms of this Interim Order.  The Debtor shall provide notice within three (3) days to the U.S. Trustee and counsel to any statutory committees appointed in this chapter 11 case of the opening of a new bank account or the closing of an existing Bank Account.  In addition, the opening of a new bank account or the closing of a Bank Account shall be timely indicated on the Debtor's monthly operating reports. The U.S. Trustee and any statutory committees appointed in this chapter 11 case will have fourteen (14) days from receipt of such notice to file any objection with regard to the opening of a new bank account or the closing of a Bank Account, or such later date as may

10231629

Page:              7
Debtor:            JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:          26-14194 (MEH)
Caption of Order:  INTERIM ORDER AUTHORIZING THE DEBTOR TO (I) CONTINUE USE OF ITS
                   CASH MANAGEMENT SYSTEM, (II) MAINTAIN ITS EXISTING BANK
                   ACCOUNTS, AND (III) CONTINUE USE OF ITS EXISTING BUSINESS FORMS

be extended by the Court or agreed to between the Debtor, the U.S. Trustee and any statutory committees appointed in this chapter 11 case. The relief granted in this Interim Order is extended to any new bank account opened in the ordinary course of business and consistent with historical practices after the date hereof, which account shall be deemed a "Bank Account." Any new Bank Account must bear the designation "Debtor in Possession" and be designated as a "Debtor in Possession" account with the case number.

15.     The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived.

16.     All Banks maintaining any of the Bank Accounts that are provided with notice of this Interim Order shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtor specifically issues timely stop payment orders in accordance with the documents governing such Bank Accounts.

17.     The Debtor shall maintain records of all transfers within the Cash Management System, so that all transfers and transactions shall be adequately and promptly documented in, and ascertainable from, the Debtor's Books and Records to the same extent as maintained prior to the commencement of this Chapter 11 Case.

18.     Nothing in this Interim Order authorizes the Debtor to accelerate any payments not otherwise due.

19.     All disbursements shall be through Debtor's Bank Accounts and shall be accounted for on the monthly operating reports.

20.     The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Interim Order in accordance with the Motion.

10231629

Page:                   8
Debtor:                 JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:               26-14194 (MEH)
Caption of Order:       INTERIM ORDER AUTHORIZING THE DEBTOR TO (I) CONTINUE USE OF ITS
                        CASH MANAGEMENT SYSTEM, (II) MAINTAIN ITS EXISTING BANK
                        ACCOUNTS, AND (III) CONTINUE USE OF ITS EXISTING BUSINESS FORMS

21.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

22.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

23.     Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

24.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), the terms and conditions of 7062, 9014 or otherwise, this Interim Order shall be immediately effective and enforceable upon its entry.

25.     The Debtor shall serve a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f).

26.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

27.     This Court retains jurisdiction with respect to all matters arising from or related to the interpretation, enforcement and implementation of this Interim Order.

10231629

## SCHEDULE 1

Banks and Bank Accounts

| Bank | Bank Account No.[1] | Account Type |
|---|---|---|
| Wells Fargo Bank, N.A. | 1718 | Income |
| Wells Fargo Bank, N.A. | 1317 | Operating |
| Wells Fargo Bank, N.A. | 1325 | Payroll |
| JP Morgan Chase Bank, N.A. | 1619 | Business |

---

[1] The numbers provided are the last 4 digits of the identified Bank Account.

10231629