| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>5 Sylvan Way<br>P.O. Box 118<br>Parsippany, New Jersey 07054<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Brett S. Moore, Esq. (bsmoore@pbnlaw.com)<br>Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)<br><br>*Proposed Counsel to Debtor and Debtor-In-Possession* | |
| In re:<br><br>JOSHUA TOURS LIMITED LIABILITY COMPANY,[1]<br><br>                Debtor. | Chapter: 11<br><br>Case No.: 26-14194 (MEH) |

**Order Filed on April 20, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

### INTERIM ORDER (I) AUTHORIZING
### THE DEBTOR TO (A) CONTINUE ITS PREPETITION
### INSURANCE PROGRAMS AND (B) PAY ALL PREPETITION
### OBLIGATIONS RELATED THERETO, AND (II) GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through six (6), is hereby

**ORDERED**.

**DATED: April 20, 2026**

Honorable Mark E. Hall
United States Bankruptcy Judge

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number is: Joshua Tours Limited Liability Company (9686). The location of the Debtor's service address is: 183 Autumn Street, Passaic, NJ 07055.

10220335

Page:            2
Debtor:          JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:        26-14194 (MEH)
Caption of Order: INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE ITS
                 PREPETITION INSURANCE PROGRAMS AND (B) PAY ALL PREPETITION
                 OBLIGATIONS RELATED THERETO, AND (II) GRANTING RELATED RELIEF

Upon the Debtor's motion (the "Motion")[1] pursuant to sections 105(a), 363(b), 363(c), 1107(a), 1108 and 1112(b)(4)(C) of the Bankruptcy Code and rules 2002, 6003 and 6004 of the Federal Rules of Bankruptcy Procedure, for entry of this Interim Order (i) authorizing the Debtor to (a) continue the Insurance Programs in the ordinary course of business and (b) pay all prepetition obligations relating to such programs, and (ii) granting related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion was appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor IT IS HEREBY ORDERED THAT:

1.      The Motion is **GRANTED** on an interim basis as set forth in this Interim Order.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on **May 12, 2026, at 10:00 a.m., prevailing Eastern Time**.  Objections or responses to entry of a final

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them as in the Motion.

10220335

Page:           3
Debtor:         JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:       26-14194 (MEH)
Caption of Order:   INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE ITS
PREPETITION INSURANCE PROGRAMS AND (B) PAY ALL PREPETITION
OBLIGATIONS RELATED THERETO, AND (II) GRANTING RELATED RELIEF

order on the Motion shall be filed on or before **4:00 p.m., prevailing Eastern Time, on May 5, 2026**. If no objections are filed to the Motion, this Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3.      The Debtor is authorized, but not directed, on an interim basis, to continue the Insurance Programs in the ordinary course of business and to take all appropriate actions in connection therewith, including revising, renewing, replacing or obtaining new insurance policies under such programs in the ordinary course of business. However, if the Debtor or an entity on behalf of the Debtor seeks to enter into any insurance financing agreements, such insurance financing agreements must be brought pursuant to section 364 of the Bankruptcy Code and approved by the Court.

4.      The Debtor is further authorized, in its sole discretion, on an interim basis, to pay all obligations relating to the Insurance Programs, including premiums, deductibles, retrospective adjustments, administrative fees, and fees owing to the Insurance Broker, whether such obligations (a) were due and payable or related to the period before the Petition Date, or (b) are or become due and payable or related to the period after the Petition Date, in each instance without further order of the Court; provided such amount does not exceed what is owed for the premiums coming due on May 1, 2026 in the amount of $119,423.00 during the interim period.

5.      Nothing in this Interim Order authorizes the Debtor to accelerate any payment not otherwise due.

6.      To the extent that any insurance policies under the Insurance Programs or any related obligation, contract, or agreement are deemed an executory contract within the meaning of section 365 of the Bankruptcy Code, neither this Interim Order nor any payments made in

10220335

Page:           4
Debtor:         JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:       26-14194 (MEH)
Caption of Order:   INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE ITS PREPETITION INSURANCE PROGRAMS AND (B) PAY ALL PREPETITION OBLIGATIONS RELATED THERETO, AND (II) GRANTING RELATED RELIEF

accordance with this Interim Order shall constitute the post-petition assumption of any such insurance policies or any related obligation, contract, premium financing arrangement, or agreement pursuant to section 365 of the Bankruptcy Code.

7.     All applicable banks and financial institutions are authorized, when requested by the Debtor, to receive, process, honor, and pay any and all checks or electronic payment requests when presented for payment from the Debtor's accounts to the extent of available funds, whether those checks or requests were presented or initiated before or after the Petition Date, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Interim Order.

8.     The Debtor is authorized to issue post-petition checks or to effect post-petition fund transfer requests in replacement of any checks or fund transfer requests in respect of obligations under the Insurance Programs dishonored or rejected as a consequence of the commencement of the Debtor's Chapter 11 Case.

9.     Notwithstanding the relief granted herein and any actions taken hereunder, nothing contained in the Motion or this Interim Order or any payment made pursuant to this Interim Order shall constitute, nor is it intended to constitute: (a) an admission as to the amount, basis, or validity of any particular claim against the Debtor; (b) a waiver of the Debtor's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission relating to any lien, security interest or other

10220335

Page:              5
Debtor:            JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:          26-14194 (MEH)
Caption of Order:  INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE ITS
                   PREPETITION INSURANCE PROGRAMS AND (B) PAY ALL PREPETITION
                   OBLIGATIONS RELATED THERETO, AND (II) GRANTING RELATED RELIEF

encumbrance on property of the Debtor's estate; or (g) a waiver or limitation of any of the Debtor's rights under the Bankruptcy Code or other applicable law.

10.     To the extent the Debtor subsequently becomes aware of additional insurance policies that have not previously been disclosed, or to the extent the Debtor enters into new insurance policies under the Insurance Programs or renews any insurance policies, the Debtor shall immediately disclose these policies and programs to the U.S. Trustee and the professional advisors to any statutory committee appointed in the Chapter 11 Case.

11.     The requirements set forth in Bankruptcy Rule 6003 have been satisfied.

12.     Notwithstanding any applicability of Bankruptcy Rule 6004(h), this Interim Order shall be immediately effective and enforceable upon its entry.

13.     The Debtor is authorized and empowered to take such actions as may be necessary and appropriate to implement the terms of this Interim Order.

14.     Under the circumstances of the Chapter 11 Case, notice of the Motion is adequate, and the notice requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15.     Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

16.     The Debtor shall serve a copy of this Interim Order and Motion on all parties required to receive service pursuant to Local Rule 9013-5(f).

17.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby satisfied by the contents of the Motion or otherwise waived.

10220335

| Page: | 6 |
|---|---|
| Debtor: | JOSHUA TOURS LIMITED LIABILITY COMPANY |
| Case No.: | 26-14194 (MEH) |
| Caption of Order: | INTERIM ORDER (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE ITS PREPETITION INSURANCE PROGRAMS AND (B) PAY ALL PREPETITION OBLIGATIONS RELATED THERETO, AND (II) GRANTING RELATED RELIEF |

18.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

10220335