

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**
**PORZIO, BROMBERG & NEWMAN, P.C.**
5 Sylvan Way
P.O. Box 118
Parsippany, New Jersey 07054
(973) 538-4006
(973) 538-5146 Facsimile
Brett S. Moore, Esq. (bsmoore@pbnlaw.com)
Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)

*Proposed Counsel to Debtor and Debtor-In-Possession*

**Order Filed on April 20, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In re:<br><br>JOSHUA TOURS LIMITED LIABILITY COMPANY,[1]<br><br>Debtor. | Chapter: 11<br><br>Case No.: 26-14194 (MEH) |

## INTERIM ORDER AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS, AND GRANTING RELATED RELIEF

The relief set forth on the following pages, numbered two (2) through eight (8), is hereby

**ORDERED**.

**DATED: April 20, 2026**

Honorable Mark E. Hall
United States Bankruptcy Judge

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number is: Joshua Tours Limited Liability Company (9686). The location of the Debtor's service address is: 183 Autumn Street, Passaic, NJ 07055.

10222816

Page:            2
Debtor:          JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:        26-14194 (MEH)
Caption of Order:  INTERIM ORDER AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION
                 CLAIMS OF CRITICAL VENDORS, AND GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an interim order (this "Interim Order") authorizing the Debtor to pay certain prepetition claims of Critical Vendors, and granting related relief , all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey, entered July 23, 1984, and amended on June 6, 2025* (Bumb, C.J.); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court; and this Court having determined that the legal and factual bases set forth in the Motion and at the hearing thereon establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is **GRANTED** on an interim basis as set forth in this Interim Order.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on **May 12, 2026, at 10:00 a.m., prevailing Eastern Time**.   Objections or responses to entry of a final order on the Motion shall be filed **on or before 4:00 p.m., prevailing Eastern Time,** on **May 5, 2026**.  If no objections are filed to the Motion, this

---

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

10222816

Page:              3
Debtor:            JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:          26-14194 (MEH)
Caption of Order:  INTERIM ORDER AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION
                   CLAIMS OF CRITICAL VENDORS, AND GRANTING RELATED RELIEF

Court may enter an order approving the relief requested in the Motion on a final basis without further notice or hearing.

3.     The Debtor is hereby authorized, but not directed, on an interim basis, to pay the prepetition claims of Critical Vendors in an aggregate amount not to exceed $50,000.00. As a condition of receiving any prepetition payment authorized hereunder, the Debtor may require each Critical Vendor to agree to continue supplying goods or services to the Debtor on customary trade terms, or such other terms as are satisfactory to the Debtor, for the duration of the Chapter 11 Case. The Banks are authorized to honor any checks issued prepetition not yet cashed or deposited to the Critical Vendors without further authorization from the Court.

4.     The Debtor is authorized, but not directed, to condition payment of Critical Vendor Claims upon each Critical Vendor's written agreement to (a) continue—or recommence—providing goods and services to the Debtor in accordance with trade terms (including credit limits, pricing, timing of payments, availability, and other terms) at least as favorable to the Debtor as those in place during the twelve (12) months prior to the Petition Date, or as otherwise agreed by the Debtor in its reasonable business judgment (the "Customary Trade Terms") and (b) agree that such specified Critical Vendors shall not cancel on less than ninety (90) calendar days' notice any contract or agreement pursuant to which they provide goods or services to the Debtor. The Debtor reserves the right to require additional favorable trade terms with any Critical Vendor as a condition to payment of any Critical Vendor Claim. The Debtor reserves the right to require, in its sole discretion, that the Customary Trade Terms be made in writing, including by email or through a Trade Agreement, as a condition to payment.

10222816

Page:            4
Debtor:          JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:        26-14194 (MEH)
Caption of Order: INTERIM ORDER AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION
                 CLAIMS OF CRITICAL VENDORS, AND GRANTING RELATED RELIEF

5.      In connection with and to the extent set forth in an executed Trade Agreement, the Debtor is authorized, but not directed, to permit the setoff of any prepetition cash deposits held by a Critical Vendor against prepetition obligations in the amount set forth in the applicable Trade Agreement.  Solely for the purposes of determining compliance with the amounts set forth in the Motion, any payment of prepetition claims to a Critical Vendor by the Debtor shall be subtracted by the amount of any prepetition deposit released to the Debtor in connection therewith.

6.      The Debtor shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Interim Order including the following information: (a) the names of the payee; (b) the amount of the payment; (c) the category, nature or type of payment; and (d) the payment due.  The Debtor shall provide a copy of such matrix/schedule to the U.S. Trustee and the advisors to any statutory committee that may be appointed in the Chapter 11 Case within fifteen (15) days of the end of each calendar month beginning upon entry of this Interim Order.

7.      Prior to entry of a Final Order, the Debtor shall not pay any obligations under this Interim Order unless they are due or deemed necessary to be paid in the Debtor's reasonable business judgment to ensure ongoing provision of goods or services or otherwise to avoid an adverse effect on operations.

8.      Any party that accepts payment from the Debtor on account of a Critical Vendor Claim or any of the obligations of the kind set forth in the Motion shall be provided with a copy of this Interim Order and shall be deemed to have agreed to the terms and provisions of this Interim Order.

10222816

Page:            5
Debtor:          JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:        26-14194 (MEH)
Caption of Order:  INTERIM ORDER AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION
                   CLAIMS OF CRITICAL VENDORS, AND GRANTING RELATED RELIEF

9.      The form of Trade Agreement, substantially in the form attached hereto as Exhibit 1, is approved in its entirety.  The Debtor is authorized, but not directed, to enter into any such Trade Agreements on an interim basis.

10.      If any Critical Vendor accepts payment from the Debtor and does not continue supplying goods or services to the Debtor in accordance with customary trade terms then (a) any payment on account of a prepetition claim received by such party shall be deemed an improper post-petition transfer and, therefore, recoverable by the estate in cash upon request, (b) upon recovery by the estate any prepetition claim of such party shall be reinstated as if the payment had not been made, and (c) if there exists an outstanding post-petition balance due from the Debtor to such party, the Debtor may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding post-petition balance.

11.      Nothing herein shall impair or prejudice the ability of the Debtor, the advisors to any statutory committee that may be appointed in this Chapter 11 Case, and any other party in interest to contest, in their discretion, the extent, perfection, priority, validity, or amounts of the Critical Vendor Claims.  Neither the Debtor nor the advisors concede that any claims satisfied pursuant to this Interim Order are valid, and the Debtor and the advisors expressly reserve all rights to contest the extent, validity, or perfection or to seek the avoidance of all such liens or the priority of such claims.

12.      Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any claim; (d) an

10222816

Page:            6
Debtor:          JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:        26-14194 (MEH)
Caption of Order: INTERIM ORDER AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION
                 CLAIMS OF CRITICAL VENDORS, AND GRANTING RELATED RELIEF

implication or admission that any particular claim is of a type specified or defined in the Motion or this Interim Order or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; (g) a waiver or limitation of the Debtor's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief authorized in this Interim Order are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

13.    Nothing herein shall impair or prejudice the rights of the U.S. Trustee or the advisors to any statutory committee appointed in this Chapter 11 Case, which are expressly reserved, to object to any payment made pursuant to this Interim Order to an insider (as such term is defined in section 101(31) of the Bankruptcy Code), or any affiliate of an insider to the Debtor. To the extent the Debtor intends to make a payment to an insider or an affiliate of an insider of the Debtor, the Debtor shall provide seven (7) calendar days' advance notice to, and opportunity to object by, the U.S. Trustee and the advisors to any statutory committee appointed in this Chapter 11 Case; provided that if any party objects to a payment, the Debtor shall not make such payment without further order of this Court.

14.    The banks and financial institutions on which checks were drawn or electronic fund transfer requests made in payment of the prepetition obligations approved herein are authorized to

10222816

Page:               7
Debtor:             JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:           26-14194 (MEH)
Caption of Order:   INTERIM ORDER AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION
                    CLAIMS OF CRITICAL VENDORS, AND GRANTING RELATED RELIEF

receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic fund transfer requests as approved by this Interim Order.

15.     The Debtor is authorized to issue post-petition checks, or to effect post-petition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this Chapter 11 Case with respect to prepetition amounts owed in connection with the relief granted herein.

16.     Nothing in this Interim Order authorizes the Debtor to accelerate any payments not otherwise due.

17.     All disbursements shall be through Debtor's bank accounts and shall be accounted for on the monthly operating reports.

18.     The Debtor has demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003.

19.     Notice of the Motion satisfies the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

21.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

10222816

| Page: | 8 |
|---|---|
| Debtor: | JOSHUA TOURS LIMITED LIABILITY COMPANY |
| Case No.: | 26-14194 (MEH) |
| Caption of Order: | INTERIM ORDER AUTHORIZING THE DEBTOR TO PAY CERTAIN PREPETITION CLAIMS OF CRITICAL VENDORS, AND GRANTING RELATED RELIEF |

22.     The requirement set forth in Local Rule 9013-1(a)(3) that any motion be accompanied by a memorandum of law is hereby deemed satisfied by the contents of the Motion or otherwise waived.

23.     Any party may move for modification of this Interim Order in accordance with Local Rule 9013-5(e).

24.     The Debtor shall serve a copy of this Interim Order and the Motion on all parties required to receive such service pursuant to Local Rule 9013-5(f).

25.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

10222816

## Exhibit 1

## Form Trade Agreement

10222816

## TRADE AGREEMENT

Joshua Tours Limited Liability Company (the "Company"), on the one hand, and the vendor identified in the signature block below (the "Vendor"), on the other hand, hereby enter into the following trade agreement (this "Trade Agreement") dated as of the latest date in the signature blocks below.

### Recitals

WHEREAS on April 15, 2026 (the "Petition Date"), the Company (the "Debtor") filed a voluntary petition for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of New Jersey (the "Court").

WHEREAS on April [•], 2026, the Court entered its *[Interim/Final] Order Authorizing the Debtor to Pay Certain Prepetition Claims of Critical Vendors, and Granting Related Relief* [Docket No. [•] (the "Critical Vendor Order")[1] authorizing the Debtor on [an interim/a final] basis, under certain conditions, to pay the prepetition claims of certain vendors, including the Vendor, subject to the terms and conditions set forth therein.

WHEREAS prior to the Petition Date, the Vendor delivered goods to the Company and/or performed services for the Company, and the Company paid the Vendor for such goods and/or services, according to Customary Trade Terms (as defined herein).

WHEREAS the Company and the Vendor (each a "Party," and collectively, the "Parties") agree to the following terms as a condition of payment on account of certain prepetition claims the Vendor may hold against the Company.

### Agreement

1. Recitals. The foregoing recitals are incorporated herein by reference as if set forth at length herein.

2. Vendor Payment. The Vendor represents and agrees that, after due investigation, the sum of all prepetition amounts currently due and owing by the Company to the Vendor is $[•] (the "Agreed Vendor Claim"). Following execution of this Trade Agreement, the Company shall, in full and final satisfaction of the Agreed Vendor Claim, pay the Vendor $[•] on account of its Agreed Vendor Claim (the "Vendor Payment") (without interest, penalties, or other charges), as such invoices become due and payable, which such Vendor Payments shall reduce the agreed amount of the Agreed Vendor Claim dollar-for-dollar.

3. Agreement to Supply.

   a. The Vendor shall supply goods to and/or perform services for the Company, and the Company shall accept and pay for goods and/or services from the Vendor (to the

---

[1] Capitalized terms used and not defined herein shall have the meanings ascribed to them in the Critical Vendor Order.

extent the Company seeks such services), for the duration of the Debtor's Chapter 11 Case based on the following terms (the "Customary Trade Terms"): those trade terms at least as favorable to the Company as those practices and programs (including, but not limited to, credit limits, pricing, cash discounts, the number of days for timing of payments and payment terms, allowances (as may be incorporated or contemplated by any agreements between the Parties or based on historic practice, as applicable), rebates, product mix, availability, and other applicable terms or programs) in place at any time within the twelve (12) months prior to the Petition Date, or are otherwise acceptable to the Company in light of customary industry practices, except for any partial payments or other payments (or assurances) the Company made with respect to any unfinished product. "Duration of the Debtor's Chapter 11 Case" means until the earlier of: (i) the effective date of a chapter 11 plan in the Company's Chapter 11 Case; (ii) the closing of a sale of all or a material portion of the Company's assets pursuant to Bankruptcy Code section 363 resulting in a cessation of the Company's business operations; or (iii) the liquidation of the Company or conversion of the Debtor's Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code.

b.   The Customary Trade Terms may not be modified, adjusted, or reduced in a manner adverse to the Company except as agreed to in writing by the Parties.

c.   The Vendor shall continue to honor any existing allowances, rebates, credits, contractual obligations, or balances that were accrued as of the Petition Date and shall apply all such allowances, credits, or balances towards future orders in the ordinary course of business.

d.   The Vendor shall continue all shipments of goods in the ordinary course and shall fill orders for goods requested by the Company, in the quantities as the Company has requested, to the best of their ability in the ordinary course of business pursuant to the Customary Trade Terms.

e.   The Vendor shall not be permitted to cancel any contract, agreement, or arrangement pursuant to which it provides services to the Debtor for the duration of the Debtor's Chapter 11 Case.

4.    Payment Terms. The Vendor agrees to supply post-petition goods and services to the Company in accordance with the Customary Trade Terms, which include the following payment terms:

_____

_____

_____

_____

10222816

5.    <u>Other Matters</u>.

    a.  The Vendor agrees that it shall not require a lump-sum payment upon the effective date of a plan in the Debtor's Chapter 11 Case on account of any outstanding administrative claims the Vendor may assert arising from the delivery of post-petition goods or services, to the extent that payment of such claims is not yet due. The Vendor agrees that such claims will be paid in the ordinary course of business after confirmation of a plan pursuant to the Customary Trade Terms then in effect. The Vendor Payment will be made concurrently with payment of other outstanding administrative claims as provided in a confirmed plan.

    b.  The Vendor will not separately seek payment from the Company on account of any prepetition claim (including, without limitation, any reclamation claim or any claim pursuant to section 503(b)(9) of the Bankruptcy Code) outside the terms of this Trade Agreement or a plan confirmed in the Debtor's Chapter 11 Case.

    c.  The Vendor will not file or otherwise assert against the Company, its assets, or any other person or entity or any of their respective assets or property (real or personal) any lien, regardless of the statute or other legal authority upon which the lien is asserted, related in any way to any remaining prepetition amounts allegedly owed to the Vendor by the Company arising from prepetition agreements or transactions. Furthermore, if the Vendor has taken steps to file or assert such a lien prior to entering into this Trade Agreement, the Vendor will promptly take all necessary actions to remove such liens and hereby authorizes the Company to take any such actions on its behalf.

6.    <u>Breach</u>.

    a.  In the event that the Vendor fails to satisfy its undisputed obligations arising under this Trade Agreement (a "<u>Vendor Breach</u>"), upon written notice to the Vendor, the Vendor shall promptly pay to the Company immediately available funds in an amount equal to, at the election of the Company, the Vendor Payment or any portion of the Vendor Payment which cannot be recovered by the Company from the post-petition receivables then owing to the Vendor from the Company.

    b.  In the event that the Company recovers the Vendor Payment pursuant to Section 6(a) hereof or otherwise, the Agreed Vendor Claim shall be reinstated as if the Vendor Payment had not been made.

    c.  The Vendor agrees and acknowledges that irreparable damage would occur in the event of a Vendor Breach and remedies at law would not be adequate to compensate the Company. Accordingly, the Vendor agrees that the Company shall have the right, in addition to any other rights and remedies existing in its favor, to an injunction or injunctions to prevent breaches of the provisions of this Trade Agreement and to enforce its rights and obligations hereunder not only by an action or actions for damages but also by an action or actions for specific performance, injunctive relief and/or other equitable relief.   The right to equitable relief,

10222816

including specific performance or injunctive relief, shall exist notwithstanding, and shall not be limited by, any other provision of this Trade Agreement.  The Vendor hereby waives any defense that a remedy at law is adequate and any requirement to post bond or other security in connection with actions instituted for injunctive relief, specific performance, or other equitable remedies.

7.   Notice.

If to the Vendor, then to the person and address identified in the signature block hereto.

If to the Company:

Steven A. San Filippo, CRO
Joshua Tours Limited Liability Company
183 Autumn Street
Passaic, New Jersey 07055
Email: sasanfilippo@icloud.com


If to proposed counsel to the Debtor:

**PORZIO, BROMBERG & NEWMAN, P.C.**
5 Sylvan Way
P.O. Box 118
Parsippany, New Jersey 07054
(973) 538-4006
(973) 538-5146 Facsimile
Attn:   Brett S. Moore, Esq.
       Robert M. Schechter, Esq.
Email: bsmoore@pbnlaw.com
       rmschechter@pbnlaw.com


8.   Representations and Acknowledgements. The Parties agree, acknowledge and represent that:

a.   the Parties have reviewed the terms and provisions of the Critical Vendor Order and this Trade Agreement and consent to be bound by such terms and that this Trade Agreement is expressly subject to the procedures approved pursuant to the Critical Vendor Order;

b.   any payments made on account of the Agreed Vendor Claim shall be subject to the terms and conditions of the Critical Vendor Order;

c.   if the Vendor refuses to supply goods or services to the Company as provided herein or otherwise fails to perform any of its obligations hereunder, the Company may exercise all rights and remedies available under the Critical Vendor Order, the Bankruptcy Code, or applicable law; and

10222816

d.  in the event of disagreement between the Parties regarding whether a breach has occurred, either Party may apply to the Court for a determination of their relative rights, in which event, no action may be taken by either Party, including, but not limited to, the discontinuing of shipment of goods from the Vendor to the Company, until a ruling of the Court is obtained.

9.    Confidentiality. In addition to any other obligations of confidentiality between the Vendor and Company, the Vendor agrees to hold in confidence and not disclose to any party: (a) this Trade Agreement; (b) any and all payments made by the Company pursuant to this Trade Agreement; (c) the terms of payment set forth herein; and (d) the Customary Trade Terms (collectively, the "Confidential Information"); *provided* that if any party seeks to compel the Vendor's disclosure of any or all of the Confidential Information, through judicial action or otherwise, or the Vendor intends to disclose any or all of the Confidential Information, the Vendor shall immediately provide the Company with prompt written notice so that the Company may seek an injunction, protective order or any other available remedy to prevent such disclosure; *provided, further,* that if such remedy is not obtained, the Vendor shall furnish only such information as the Vendor is legally required to provide.

10.    Miscellaneous.

a.  The Parties hereby represent and warrant that: (i) they have full authority to execute this Trade Agreement on behalf of the respective Parties; (ii) the respective Parties have full knowledge of, and have consented to, this Trade Agreement; and (iii) they are fully authorized to bind that Party to all of the terms and conditions of this Trade Agreement.

b.  This Trade Agreement sets forth the entire understanding of the Parties regarding the subject matter hereof and supersedes all prior oral or written agreements between them. This Trade Agreement may not be changed, modified, amended or supplemented, except in a writing signed by both Parties.

c.  Signatures by facsimile or electronic signatures shall count as original signatures for all purposes.

d.  This Trade Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement.

e.  The Parties hereby submit to the exclusive jurisdiction of the Court to resolve any dispute with respect to or arising from this Trade Agreement.

f.  This Trade Agreement shall be deemed to have been drafted jointly by the Parties, and any uncertainty or omission shall not be construed as an attribution of drafting by any Party.

*[Signature Page Follows]*

10222816

AGREED AND ACCEPTED AS OF THE LATEST DATE SET FORTH BELOW:


**JOSHUA TOURS LIMITED LIABILITY COMPANY**                    **[VENDOR]**


By:     [•]                                    By:     [•]
Title:  [•]                                    Title:   [•]
                                               Address:  [•]


Dated:                                         Dated:


10222816