

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>5 Sylvan Way<br>P.O. Box 118<br>Parsippany, New Jersey 07054<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Brett S. Moore, Esq. (bsmoore@pbnlaw.com)<br>Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)<br><br>*Proposed Counsel to Debtor and Debtor-In-Possession* | |

**Order Filed on April 21, 2026**
**by Clerk**
**U.S. Bankruptcy Court**
**District of New Jersey**

| | |
|---|---|
| In re:<br><br>JOSHUA TOURS LIMITED LIABILITY COMPANY,[1]<br><br>Debtor. | Chapter: 11<br><br>Case No.: 26-14194 (MEH) |

**INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, BUSES AND RELATED EQUIPMENT SUBJECT TO LIENS; (II) PROVIDING ADEQUATE PROTECTION, REPLACEMENT LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; (III) MODIFYING AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF**

   The relief set forth on the following pages, numbered two (2) through eight (8), is hereby

ORDERED.

**DATED: April 21, 2026**

_____
Honorable Mark E. Hall
United States Bankruptcy Judge

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number is: Joshua Tours Limited Liability Company (9686).  The location of the Debtor's service address is: 183 Autumn Street, Passaic, NJ 07055.

10228700

Page:          2
Debtor:        JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:      26-14194 (MEH)
Caption of Order:   INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, BUSES AND RELATED EQUIPMENT SUBJECT TO LIENS; (II) PROVIDING ADEQUATE PROTECTION, REPLACEMENT LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; (III) MODIFYING AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF

This matter having been opened by the above-captioned debtor and debtor-in-possession (the "Debtor") upon the Motion[2] for entry of an order (i) authorizing the use of Cash Collateral, buses, and related equipment subject to liens, (ii) providing adequate protection replacement liens and superpriority administrative expense status, (iii) modifying the automatic stay, (iv) scheduling a final hearing, and (v) granting related relief pursuant to sections 105, 361, 362, 363, 503, and 507 of the Bankruptcy Code and Bankruptcy Rules 2002, 4001, and 9014; and the Court finding that (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b); (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the Motion is in the best interests of the Debtor, its estate, and its creditors; (iv) adequate notice of the Motion and the hearing thereon has been given and that no other or further notice is necessary; (v) the Court having held a hearing to consider the interim relief requested in the Motion; (vi) and upon the First Day Declaration filed contemporaneously with the Motion, and the record herein; (vii) and the Court having found and determined that the relief sought in the Motion is necessary to avoid immediate and irreparable harm to the Debtor and its estate as contemplated by Bankruptcy Rule 6003; (viii) after due deliberation thereon, good and sufficient cause exists for the granting of the relief as set forth herein; and (ix) the Court having held a hearing on the Motion on April 20, 2026, and thereafter entering this order, authorizing use of Cash Collateral and Equipment Collateral, granting adequate protection, modifying the automatic stay, and scheduling a final hearing for May 12, 2026, it is hereby found

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

10228700

Page:           3
Debtor:         JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:       26-14194 (MEH)
Caption of Order: INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, BUSES AND RELATED EQUIPMENT SUBJECT TO LIENS; (II) PROVIDING ADEQUATE PROTECTION, REPLACEMENT LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; (III) MODIFYING AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF

**FINDINGS OF FACT AND CONCLUSIONS OF LAW[3]**

A.      **Prepetition Secured Parties**. The Debtor's prepetition indebtedness consists of two categories of secured obligations: (i) lenders holding blanket liens on accounts, deposit accounts, proceeds, and other similar assets constituting Cash Collateral (the "Prepetition Cash Collateral Secured Parties"), as more fully described on Schedule 1 attached to the Motion, and (ii) lenders holding perfected purchase-money or other vehicle-specific liens on identified buses and related collateral (the "Equipment Collateral") used in the operation of the Debtor's business (the "Prepetition Lienholders"), as more fully described on Schedule 2 attached to the Motion (together with the Prepetition Cash Collateral Secured Parties, the "Prepetition Secured Parties"). The Prepetition Cash Collateral Secured Parties assert security interests in substantially all of the Debtor's assets, and the Prepetition Lienholders assert purchase-money or other vehicle-specific liens on identified buses and related collateral, each as described more particularly in the Motion. The Debtor reserves its rights to contest the scope, validity, perfection, and/or amount of any of the Prepetition Secured Parties' claims.

B.      **Necessity and Best Interest**. The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its business in chapter 11. The Debtor requires immediate authority to use Cash Collateral and Equipment Collateral in order to continue

---

[3] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

10228700

Page:              4
Debtor:            JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:          26-14194 (MEH)
Caption of Order:  INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, BUSES AND RELATED EQUIPMENT SUBJECT TO LIENS; (II) PROVIDING ADEQUATE PROTECTION, REPLACEMENT LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; (III) MODIFYING AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF

its business operations without interruption, and the Debtor's use of Cash Collateral and Equipment Collateral to the extent and on the terms and conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate pending a final hearing. The Debtor's business depends on daily access to cash in order to pay wages, fuel costs, insurance premiums, vehicle maintenance, and other critical operations costs. The Debtor also depends on the use of the Equipment Collateral to provide services to schools and students. Without immediate interim authorization to use Cash Collateral and Equipment Collateral, the services that the Debtor provides to schools and students would be immediately interrupted, causing interruption of services to those who rely upon the Debtor's transportation, severe loss of going-concern value, the forfeiture of customer contracts and relationships, and irreparable harm to all stakeholders. The Debtor seeks authorization to use Cash Collateral and Equipment Collateral during the time period from the Petition Date pending a final hearing, which is scheduled for May 12, 2026 (the "Interim Period"), in accordance with the Debtor's Approved Budget for the Interim Period, annexed as Exhibit A to this Interim Order.

C.      The Court having determined that there is a reasonable likelihood that the relief is necessary as required by section 363(c)(3) of the Bankruptcy Code, and for good cause shown,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on an interim basis to the extent set forth in this Order .

10228700

Page:            5
Debtor:          JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:        26-14194 (MEH)
Caption of Order: INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, BUSES AND RELATED EQUIPMENT SUBJECT TO LIENS; (II) PROVIDING ADEQUATE PROTECTION, REPLACEMENT LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; (III) MODIFYING AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF

2.      Use of Collateral. The Debtor is authorized but not directed during the Interim Period to use Cash Collateral and Equipment Collateral in the operation of its business and the service of its customers in accordance with the Approved Budget attached as Exhibit A.[4]

3.      Adequate Protection — Replacement Liens. As adequate protection for use of Cash Collateral during the Interim Period, each of the Prepetition Cash Collateral Secured Parties is granted replacement liens pursuant to sections 361 and 363 of the Bankruptcy Code on the postpetition property of the Debtor's estate to the same extent, priority and validity as existed prepetition in the Debtor's postpetition collateral, and proceeds thereof, that such Prepetition Cash Collateral Secured Party held in the Debtor's prepetition collateral (the "Adequate Protection Liens"); provided, that no Adequate Protection Lien shall prime any valid, perfected, and unavoidable senior priority lien on the assets of the Debtor that was in existence immediately prior to the Petition Date.  Nothing in this Order shall give any Prepetition Cash Collateral Secured Party a lien on, or otherwise encumber, chapter 5 causes of action, which are expressly reserved.

4.      As adequate protection for use of Equipment Collateral during the Interim Period, each of the Prepetition Lienholders is granted replacement liens pursuant to sections 361 and 363 of the Bankruptcy Code on postpetition property of the Debtor's estate to the same extent, priority and validity as existed prepetition in the Debtor's postpetition collateral, and proceeds thereof, that such Prepetition Lienholder held in the Debtor's prepetition collateral.  To the extent the collateral

---

[4] The six (6) buses financed by Verdant Commercial Capital, LLC are excepted from this authorization during the Interim Period.

10228700

Page:          6
Debtor:        JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:      26-14194 (MEH)
Caption of Order:   INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, BUSES AND RELATED EQUIPMENT SUBJECT TO LIENS; (II) PROVIDING ADEQUATE PROTECTION, REPLACEMENT LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; (III) MODIFYING AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF

of any Prepetition Secured Party is used or sold by the Debtor outside the ordinary course of its business, the Debtor will retain the proceeds from such sale or use subject to such Prepetition Secured Party's lien on such proceeds. Nothing in this Order shall give any Prepetition Lienholder a lien on, or otherwise encumber, chapter 5 causes of action, which are expressly reserved.

5.     Adequate Protection — Superpriority Administrative Expense Claims. As further adequate protection, the Prepetition Secured Parties shall each receive, to the extent permitted under section 507(b) of the Bankruptcy Code, allowed superpriority administrative expense claims (the "Adequate Protection Superpriority Claims"), solely to the extent of any diminution in the value of such Prepetition Secured Party's interest in its collateral, which claims shall have priority over all other administrative expense claims and unsecured claims against the Debtor and its estate.

6.     Perfection of Replacement Liens. Any replacement liens and security interests granted herein are automatically deemed perfected without the necessity of any Prepetition Secured Party taking possession, filing financing statements, mortgages, or other documents. Although not required, upon the request of any Prepetition Secured Party, the Debtor shall execute and deliver to such Prepetition Secured Party any and all Uniform Commercial Code ("UCC") Financing Statements, UCC Continuation Statements, Certificates of Title, or other instruments or documents considered by such Prepetition Secured Party to be necessary in order to perfect the security interests and liens in the Debtor's post-petition collateral and proceeds granted by this Order, and such Prepetition Secured Party is authorized to receive, file, and record the foregoing at its own expense, which actions shall not be deemed a violation of the automatic stay.  Said

10228700

Page:            7
Debtor:          JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:        26-14194 (MEH)
Caption of Order: INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, BUSES AND RELATED EQUIPMENT SUBJECT TO LIENS; (II) PROVIDING ADEQUATE PROTECTION, REPLACEMENT LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; (III) MODIFYING AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF

determination shall be binding upon the Debtor-in-Possession but shall not bind the United States Trustee or any Creditor's Committee appointed, who shall have 60 days after appointment to contest the scope, validity, perfection and or the amount of the Secured claim.

7.      Modification of the Automatic Stay. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified to the extent necessary to implement the terms of this Order, including, but not limited to, the granting of Adequate Protection Liens and Adequate Protection Superpriority Claims, and the incurring of all liabilities and obligations to the Prepetition Secured Parties as set forth herein.

8.      Final Hearing. A final hearing on the Motion shall be held on **May 12, 2026, at 10:00 a.m., prevailing Eastern Time**.  Any objections or responses to the Motion shall be in writing, filed with the Court, with a copy to chambers, and served upon proposed counsel for the Debtor, Porzio, Bromberg & Newman, P.C., 5 Sylvan Way, P.O. Box 218, Parsippany, New Jersey 07054 (Attn: Robert M. Schechter, Esq.) so as to be received **on or before 4:00 p.m., prevailing Eastern Time, on May 5, 2026**.  In the event that no objections are filed, the Court may grant the relief requested in the proposed final order submitted with the Motion without further notice.

9.      Implementation. The Debtor is authorized and empowered to take such steps and to perform such acts as may be necessary to implement and effectuate the terms of this Order.

10.     Waiver of Bankruptcy Rules. The requirements of Bankruptcy Rule 6004(a) are waived and notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be immediately effective and enforceable upon entry.

10228700

Page:              8
Debtor:            JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:          26-14194 (MEH)
Caption of Order:  INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, BUSES
                   AND RELATED EQUIPMENT SUBJECT TO LIENS; (II) PROVIDING ADE-
                   QUATE PROTECTION, REPLACEMENT LIENS AND SUPERPRIORITY
                   ADMINISTRATIVE EXPENSE STATUS; (III) MODIFYING AUTOMATIC
                   STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING
                   RELATED RELIEF

11.     Modification. In accordance with D.N.J. LBR 9013-5(e), any party may move for modification of this Order.

12.     Service. A copy of this Order shall be served on all required parties pursuant to D.N.J. LBR 9013-5(f).

13.     Retention of Jurisdiction. This Court shall retain exclusive jurisdiction to hear and decide any and all matters related to or arising from this Order.

14.     Effective Date. This Order is effective immediately upon entry.

10228700