**Order Filed on May 12, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey**

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>5 Sylvan Way<br>P.O. Box 218<br>Parsippany, New Jersey 07054<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Brett S. Moore, Esq. (bsmoore@pbnlaw.com)<br>Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)<br><br>*Proposed Counsel to Debtor and Debtor-In-Possession* | |
| In re:<br><br>JOSHUA TOURS LIMITED LIABILITY COMPANY,[1]<br><br>                 Debtor. | Chapter: 11<br><br>Case No.: 26-14194 (MEH) |

**FINAL ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, BUSES AND
RELATED EQUIPMENT SUBJECT TO LIENS; (II) PROVIDING ADEQUATE
PROTECTION, REPLACEMENT LIENS AND SUPERPRIORITY ADMINISTRATIVE
EXPENSE STATUS; (III) MODIFYING AUTOMATIC STAY; AND (IV) GRANTING
<u>RELATED RELIEF</u>**

      The relief set forth on the following pages, numbered two (2) through seven (7), is hereby

ORDERED.

**DATED: May 12, 2026**

_____
Honorable Mark E. Hall
United States Bankruptcy Judge

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number is: Joshua Tours Limited Liability Company (9686). The location of the Debtor's service address is: 183 Autumn Street, Passaic, NJ 07055.

10230348

Page:                    2
Debtor:                  JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:                26-14194 (MEH)
Caption of Order:        FINAL ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, BUSES
                         AND RELATED EQUIPMENT SUBJECT TO LIENS; (II) PROVIDING ADE-
                         QUATE PROTECTION, REPLACEMENT LIENS AND SUPERPRIORITY
                         ADMINISTRATIVE EXPENSE STATUS; (III) MODIFYING AUTOMATIC
                         STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING
                         RELATED RELIEF

This matter having been opened by the above-captioned debtor and debtor-in-possession

(the "Debtor") upon the Motion  for entry of an order (i) authorizing the use of Cash Collateral,

buses, and related equipment subject to liens, (ii) providing adequate protection replacement liens,

superpriority administrative expense status, and monthly payments (iii) modifying the automatic

stay, and (iv) granting related relief pursuant to sections 105, 361, 362, 363, 503, and 507 of the

Bankruptcy Code and Bankruptcy Rules 2002, 4001, and 9014; and the Court finding that (i) it has

jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b);

(ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (iii) the relief requested in the

Motion is in the best interests of the Debtor, its estate, and its creditors; (iv) adequate notice of the

Motion and the hearing thereon has been given and that no other or further notice is necessary; (v)

the Court having held a hearing to consider the relief requested in the Motion; (vi) and upon the

First Day Declaration filed contemporaneously with the Motion, and the record herein; (vii) and

the Court having held a hearing on the Motion on April 20, 2026; (viii) and the Court having

entered an order on April 21, 206 authorizing the relief sought in the Motion on an interim basis

(the "Interim Cash Collateral Order") [Dkt. No. 32]; (ix) after due deliberation thereon, good and

sufficient cause exists for the granting of the relief as set forth herein; it is hereby found

10230348

Page:            3
Debtor:          JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:        26-14194 (MEH)
Caption of Order: FINAL ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, BUSES AND RELATED EQUIPMENT SUBJECT TO LIENS; (II) PROVIDING ADEQUATE PROTECTION, REPLACEMENT LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; (III) MODIFYING AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF

**FINDINGS OF FACT AND CONCLUSIONS OF LAW[2]**

A.      **Prepetition Secured Parties.** The Debtor's prepetition indebtedness consists of two categories of secured obligations: (i) lenders holding blanket liens on accounts, deposit accounts, proceeds, and other similar assets constituting Cash Collateral (the "Prepetition Cash Collateral Secured Parties"), as more fully described on Schedule 1 attached to the Motion, and (ii) lenders holding perfected purchase-money or other vehicle-specific liens on identified buses and related collateral (the "Equipment Collateral") used in the operation of the Debtor's business (the "Prepetition Lienholders"), as more fully described on Schedule 2 attached to the Motion (together with the Prepetition Cash Collateral Secured Parties, the "Prepetition Secured Parties"). The Prepetition Cash Collateral Secured Parties assert security interests in substantially all of the Debtor's assets, and the Prepetition Lienholders assert purchase-money or other vehicle-specific liens on identified buses and related collateral, each as described more particularly in the Motion. The Debtor reserves its rights to contest the scope, validity, perfection, and/or amount of any of the Prepetition Secured Parties' claims.

B.      **Necessity and Best Interest.** The Debtor does not have sufficient unencumbered cash or other assets with which to continue to operate its business in chapter 11.  The Debtor requires immediate authority to use Cash Collateral and Equipment Collateral in order to continue

---

[2] The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

10230348

Page:              4
Debtor:            JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:          26-14194 (MEH)
Caption of Order:  FINAL ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, BUSES
                   AND RELATED EQUIPMENT SUBJECT TO LIENS; (II) PROVIDING ADE-
                   QUATE PROTECTION, REPLACEMENT LIENS AND SUPERPRIORITY
                   ADMINISTRATIVE EXPENSE STATUS; (III) MODIFYING AUTOMATIC
                   STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING
                   RELATED RELIEF

serving schools and students and maintain its business operations without interruption, and the

Debtor's use of Cash Collateral and Equipment Collateral to the extent and on the terms and

conditions set forth herein is necessary to avoid immediate and irreparable harm to the estate

pending a final hearing.  The Debtor's business depends on daily access to cash in order to pay

wages, fuel costs, insurance premiums, vehicle maintenance, and other critical operations costs.

The Debtor also depends on the use of the Equipment Collateral to provide services to schools and

students.

C.      The Court having determined that there is a reasonable likelihood that the relief is

necessary as required by section 363(c)(3) of the Bankruptcy Code, and for good cause shown,

**IT IS HEREBY ORDERED THAT:**

1.      The Motion is GRANTED on a final basis to the extent set forth in this Order.

2.      <u>Use of Collateral</u>. The Debtor is authorized but not directed to use Cash Collateral

and Equipment Collateral in the operation of its business and the service of its customers in

accordance with the Approved Budget attached as Exhibit A.  No later than two (2) weeks from

the ending date in the Approved Budget, the Debtor may file with the Court a supplemental budget

covering additional weeks; such supplemental budget shall include an objection deadline for

interested parties and for the scheduling of a hearing to consider such objections if necessary.

3.      <u>Adequate Protection — Replacement Liens</u>. As adequate protection for use of Cash

Collateral, each of the Prepetition Cash Collateral Secured Parties is granted replacement liens

pursuant to sections 361 and 363 of the Bankruptcy Code on the postpetition property of the

10230348

| Page: | 5 |
| --- | --- |
| Debtor: | JOSHUA TOURS LIMITED LIABILITY COMPANY |
| Case No.: | 26-14194 (MEH) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, BUSES AND RELATED EQUIPMENT SUBJECT TO LIENS; (II) PROVIDING ADEQUATE PROTECTION, REPLACEMENT LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; (III) MODIFYING AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF |

Debtor's estate to the same extent, priority and validity as existed prepetition in the Debtor's postpetition collateral, and proceeds thereof, that such Prepetition Cash Collateral Secured Party held in the Debtor's prepetition collateral (the "Adequate Protection Liens"); provided, that no Adequate Protection Lien shall prime any valid, perfected, and unavoidable senior priority lien on the assets of the Debtor that was in existence immediately prior to the Petition Date.  Nothing in this Order shall give any Prepetition Cash Collateral Secured Party a lien on, or otherwise encumber, chapter 5 causes of action, which are expressly reserved.

4.      As adequate protection for use of Equipment Collateral, each of the Prepetition Lienholders is granted replacement liens pursuant to sections 361 and 363 of the Bankruptcy Code on postpetition property of the Debtor's estate to the same extent, priority and validity as existed prepetition in the Debtor's postpetition collateral, and proceeds thereof, that such Prepetition Lienholder held in the Debtor's prepetition collateral.  To the extent the collateral of any Prepetition Secured Party is used or sold by the Debtor outside the ordinary course of its business, the Debtor will retain the proceeds from such sale or use subject to such Prepetition Secured Party's lien on such proceeds. Nothing in this Order shall give any Prepetition Lienholder a lien on, or otherwise encumber, chapter 5 causes of action, which are expressly reserved.

5.      Adequate Protection — Superpriority Administrative Expense Claims. As further adequate protection, the Prepetition Secured Parties shall each receive, to the extent permitted under section 507(b) of the Bankruptcy Code, allowed superpriority administrative expense claims (the "Adequate Protection Superpriority Claims"), solely to the extent of any diminution in the

10230348

| Page: | 6 |
|---|---|
| Debtor: | JOSHUA TOURS LIMITED LIABILITY COMPANY |
| Case No.: | 26-14194 (MEH) |
| Caption of Order: | FINAL ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, BUSES AND RELATED EQUIPMENT SUBJECT TO LIENS; (II) PROVIDING ADEQUATE PROTECTION, REPLACEMENT LIENS AND SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS; (III) MODIFYING AUTOMATIC STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING RELATED RELIEF |

value of such Prepetition Secured Party's interest in its collateral, which claims shall have priority over all other administrative expense claims and unsecured claims against the Debtor and its estate.

6.     Adequate Protection – Monthly Payments. In addition to the Adequate Protection Liens and Adequate Protection Superpriority Claims, the Debtor shall make monthly payments to the Prepetition Secured Parties consistent with Exhibit A to the Supplemental Declaration of Steven San Filippo in Support of the Motion (the "Adequate Protection Payments").

7.     Perfection of Replacement Liens. Any replacement liens and security interests granted herein are automatically deemed perfected without the necessity of any Prepetition Secured Party taking possession, filing financing statements, mortgages, or other documents. Although not required, upon the request of any Prepetition Secured Party, the Debtor shall execute and deliver to such Prepetition Secured Party any and all Uniform Commercial Code ("UCC") Financing Statements, UCC Continuation Statements, Certificates of Title, or other instruments or documents considered by such Prepetition Secured Party to be necessary in order to perfect the security interests and liens in the Debtor's post-petition collateral and proceeds granted by this Order, and such Prepetition Secured Party is authorized to receive, file, and record the foregoing at its own expense, which actions shall not be deemed a violation of the automatic stay.  Said determination shall be binding upon the Debtor-in-Possession but shall not bind the United States Trustee or any Creditor's Committee appointed, who shall have 60 days after appointment to contest the scope, validity, perfection and or the amount of the Secured claim.

10230348

Page:            7
Debtor:          JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:        26-14194 (MEH)
Caption of Order: FINAL ORDER (I) AUTHORIZING USE OF CASH COLLATERAL, BUSES
                 AND RELATED EQUIPMENT SUBJECT TO LIENS; (II) PROVIDING ADE-
                 QUATE PROTECTION, REPLACEMENT LIENS AND SUPERPRIORITY
                 ADMINISTRATIVE EXPENSE STATUS; (III) MODIFYING AUTOMATIC
                 STAY; (IV) SCHEDULING A FINAL HEARING; AND (V) GRANTING
                 RELATED RELIEF

8.      <u>Modification of the Automatic Stay</u>. The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified to the extent necessary to implement the terms of this Order, including, but not limited to, the granting of Adequate Protection Liens and Adequate Protection Superpriority Claims, and the incurring of all liabilities and obligations to the Prepetition Secured Parties as set forth herein.

9.      <u>Implementation</u>. The Debtor is authorized and empowered to take such steps and to perform such acts as may be necessary to implement and effectuate the terms of this Order.

10.     <u>Waiver of Bankruptcy Rules</u>. The requirements of Bankruptcy Rule 6004(a) are waived and notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon entry.

11.     <u>Modification</u>. In accordance with D.N.J. LBR 9013-5(e), any party may move for modification of this Order.

12.     <u>Service</u>. A copy of this Order shall be served on all required parties pursuant to D.N.J. LBR 9013-5(f).

13.     <u>Retention of Jurisdiction</u>. This Court shall retain exclusive jurisdiction to hear and decide any and all matters related to or arising from this Order.

14.     <u>Effective Date</u>. This Order is effective immediately upon entry.

10230348

# EXHIBIT A

**JOSHUA TOURS LIMITED LIABILITY COMPANY - DIP**
**CASE # 26-14194 (MEH)**
**CASH COLLATERAL BUDGET**

| CASH BUDGET | WEEK >><br>1<br>WE<br>05/09/26 | 2<br>WE<br>05/16/26 | 3<br>WE<br>05/23/26 | 4<br>WE<br>05/30/26 | 5<br>WE<br>06/06/26 | 6<br>WE<br>06/13/26 | 7<br>WE<br>06/20/26 | 8<br>WE<br>06/27/26 | 9<br>WE<br>07/04/26 | 10<br>WE<br>07/11/26 | 11<br>WE<br>07/18/26 | 12<br>WE<br>07/25/26 | 13<br>WE<br>08/01/26 | 13 WEEK<br>BUDGET<br>TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Beginning Cash Balance | 435,842 | 397,980 | 458,057 | 176,845 | 491,099 | 585,489 | 407,339 | 81,689 | 209,039 | 494,642 | 374,492 | 186,342 | 311,692 | 435,842 |
| **Cash Receipts:** | | | | | | | | | | | | | | |
| A/R Collections | 527,717 | 96,227 | 129,938 | 356,405 | 438,300 | 18,000 | 85,500 | 157,500 | 778,514 | 63,000 | 22,500 | 148,500 | 452,410 | 3,274,511 |
| Other Receipts | - | - | - | - | 226,500 | - | - | - | 1,500 | - | - | - | 1,500 | 229,500 |
| Total Cash Receipts | 527,717 | 96,227 | 129,938 | 356,405 | 664,800 | 18,000 | 85,500 | 157,500 | 780,014 | 63,000 | 22,500 | 148,500 | 453,910 | 3,504,011 |
| **Cash Disbursements - Operating** | | | | | | | | | | | | | | |
| Wage / Salary Employee Obligations | 375,000 | - | 375,000 | - | 337,500 | - | 375,000 | - | 262,500 | - | 187,500 | - | 187,500 | 2,100,000 |
| Insurance | 119,429 | - | - | - | 119,429 | - | - | - | 119,429 | - | - | - | - | 358,287 |
| Fuel | 22,000 | 22,000 | 22,000 | 22,000 | 22,000 | 22,000 | 22,000 | 16,000 | 11,000 | 10,000 | 10,000 | 10,000 | 10,000 | 221,000 |
| Rent | 35,000 | - | - | - | 35,000 | - | - | - | 35,000 | - | - | - | - | 105,000 |
| Maintenance | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 5,000 | 65,000 |
| General & Administrative | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 2,000 | 26,000 |
| GPS & Camera | - | - | - | 6,000 | - | - | - | - | 6,000 | - | - | - | - | 12,000 |
| Bank Fees | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 50 | 650 |
| Vendor Payments (Other) | 7,000 | 7,000 | 7,000 | 7,000 | 7,000 | 7,000 | 7,000 | 7,000 | 6,000 | 6,000 | 6,000 | 6,000 | 6,000 | 86,000 |
| Other / Misc | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 100 | 1,300 |
| Total Operating Disbursements | 565,579 | 36,150 | 411,150 | 42,150 | 528,079 | 36,150 | 411,150 | 30,150 | 447,079 | 23,150 | 210,650 | 23,150 | 210,650 | 2,975,237 |
| Cash Flows From Operations | (37,862) | 60,077 | (281,213) | 314,255 | 136,721 | (18,150) | (325,650) | 127,350 | 332,935 | 39,850 | (188,150) | 125,350 | 243,260 | 528,774 |
| **Cash Disbursements - Restructuring:** | | | | | | | | | | | | | | |
| Debtor's Legal Counsel | - | - | - | - | - | 100,000 | - | - | - | 100,000 | - | - | - | 200,000 |
| CRO | - | - | - | - | - | 60,000 | - | - | - | 60,000 | - | - | - | 120,000 |
| US Trustee | - | - | - | - | - | - | - | - | 5,000 | - | - | - | - | 5,000 |
| Adequate Protection Payments | - | - | - | - | 42,332 | - | - | - | 42,332 | - | - | - | - | 84,663 |
| Total Restructuring Disbursements | - | - | - | - | 42,332 | 160,000 | - | - | 47,332 | 160,000 | - | - | - | 409,663 |
| **Cash Flow** | (37,862) | 60,077 | (281,213) | 314,255 | 94,389 | (178,150) | (325,650) | 127,350 | 285,604 | (120,150) | (188,150) | 125,350 | 243,260 | 119,110 |
| **Ending Cash Balance** | $397,980 | $458,057 | $176,845 | $491,099 | $585,489 | $407,339 | $81,689 | $209,039 | $494,642 | $374,492 | $186,342 | $311,692 | $554,952 | $554,952 |

| AR Budget Schedule | WEEK >><br>1<br>WE<br>05/09/26 | 2<br>WE<br>05/16/26 | 3<br>WE<br>05/23/26 | 4<br>WE<br>05/30/26 | 5<br>WE<br>06/06/26 | 6<br>WE<br>06/13/26 | 7<br>WE<br>06/20/26 | 8<br>WE<br>06/27/26 | 9<br>WE<br>07/04/26 | 10<br>WE<br>07/11/26 | 11<br>WE<br>07/18/26 | 12<br>WE<br>07/25/26 | 13<br>WE<br>08/01/26 | 13 WEEK<br>BUDGET<br>TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Beg. Accounts Receivable (AR) | 1,574,074 | 1,081,357 | 1,005,130 | 895,192 | 558,788 | 985,581 | 987,581 | 922,081 | 784,581 | 848,070 | 795,070 | 782,570 | 644,070 | 1,574,074 |
| Add: Invoicing | 35,000 | 20,000 | 20,000 | 20,000 | 1,091,593 | 20,000 | 20,000 | 20,000 | 843,504 | 10,000 | 10,000 | 10,000 | 450,000 | 2,570,097 |
| Less: Cash Collections | (527,717) | (96,227) | (129,938) | (356,405) | (664,800) | (18,000) | (85,500) | (157,500) | (780,014) | (63,000) | (22,500) | (148,500) | (453,910) | (3,504,011) |
| End. Accounts Receivable | 1,081,357 | 1,005,130 | 895,192 | 558,788 | 985,581 | 987,581 | 922,081 | 784,581 | 848,070 | 795,070 | 782,570 | 644,070 | 640,160 | 640,160 |

| COLLATERAL VALUE ANALYSIS | WEEK >><br>1<br>WE<br>05/09/26 | 2<br>WE<br>05/16/26 | 3<br>WE<br>05/23/26 | 4<br>WE<br>05/30/26 | 5<br>WE<br>06/06/26 | 6<br>WE<br>06/13/26 | 7<br>WE<br>06/20/26 | 8<br>WE<br>06/27/26 | 9<br>WE<br>07/04/26 | 10<br>WE<br>07/11/26 | 11<br>WE<br>07/18/26 | 12<br>WE<br>07/25/26 | 13<br>WE<br>08/01/26 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Cash | 397,980 | 458,057 | 176,845 | 491,099 | 585,489 | 407,339 | 81,689 | 209,039 | 494,642 | 374,492 | 186,342 | 311,692 | 554,952 |
| Accounts Receivable | 1,081,357 | 1,005,130 | 895,192 | 558,788 | 985,581 | 987,581 | 922,081 | 784,581 | 848,070 | 795,070 | 782,570 | 644,070 | 640,160 |
| Other Receivables | 225,000 | 225,000 | 225,000 | 225,000 | - | - | - | - | - | - | - | - | - |
| Bus Fleet[1] | 7,951,200 | 7,951,200 | 7,951,200 | 7,951,200 | 7,951,200 | 7,951,200 | 7,951,200 | 7,951,200 | 7,951,200 | 7,951,200 | 7,951,200 | 7,951,200 | 7,951,200 |
| Total Collateral Value[2] | 9,921,039 | 9,899,039 | 9,602,039 | 9,574,039 | 9,969,209 | 9,787,209 | 9,512,209 | 9,495,209 | 10,114,379 | 9,947,379 | 9,947,379 | 9,947,379 | 9,947,379 |
| M&E Term Loans[3] | 7,756,826 | 7,756,826 | 7,756,826 | 7,756,826 | 7,714,494 | 7,714,494 | 7,714,494 | 7,714,494 | 7,672,162 | 7,672,162 | 7,672,162 | 7,672,162 | 7,672,162 |
| Other Term Loans[3] | 502,732 | 502,732 | 502,732 | 502,732 | 502,732 | 502,732 | 502,732 | 502,732 | 502,732 | 502,732 | 502,732 | 502,732 | 502,732 |
| Total Senior Secured Debt[2] | 8,259,558 | 8,259,558 | 8,259,558 | 8,259,558 | 8,217,226 | 8,217,226 | 8,217,226 | 8,217,226 | 8,174,894 | 8,174,894 | 8,174,894 | 8,174,894 | 8,174,894 |
| **EXCESS COLLATERAL POSITION** | $1,661,482 | $1,639,482 | $1,342,482 | $1,314,482 | $1,751,983 | $1,569,983 | $1,294,983 | $1,277,983 | $1,939,485 | $1,772,485 | $1,772,485 | $1,772,485 | $1,772,485 |

Notes:
1) Represents OLV, based on Appraisal dated April 9, 2026 by A. Atkins Appraisal Corp.

| | |
|---|---|
| FMV (Fair Market Value) = | 9,045,000 |
| OLV (Orderly Liquidation Value) = | 7,951,200 |
| FLV (Forced Liquidation Value) = | 6,857,400 |

2) Represents most current information available as of the date reported.

3) Updated based on lien search results.

Page 1 of 1