

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>5 Sylvan Way<br>P.O. Box 218<br>Parsippany, New Jersey 07054<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Brett S. Moore, Esq. (bsmoore@pbnlaw.com)<br>Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)<br><br>*Proposed Counsel to Debtor and Debtor-In-Possession* | **Order Filed on May 13, 2026<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey** |
| In re:<br><br>JOSHUA TOURS LIMITED LIABILITY COMPANY,[1]<br><br>Debtor. | Chapter: 11<br><br>Case No.: 26-14194 (MEH) |

**ORDER (A) APPROVING AUCTION PROCEDURES AND NOTICE OF AUCTION
SALE OF CERTAIN DEBTOR'S ASSETS, (B) SCHEDULING A HEARING TO
CONSIDER THE SALE OF THE DEBTOR'S ASSETS, (C) APPROVING THE FORM
AND MANNER OF NOTICE THEREOF, (D) WAIVING THE FOURTEEN DAY STAY,
AND (E) GRANTING RELATED RELIEF**

  The relief set forth on the following pages, numbered (2) through eleven (11), is hereby

**ORDERED.**

**DATED: May 13, 2026**

Honorable Mark E. Hall
United States Bankruptcy Judge

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number is: Joshua Tours Limited Liability Company (9686).  The location of the Debtor's service address is: 183 Autumn Avenue, Passaic, NJ 07055.

10221266

Page         2
Debtor:      JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:    26-14194 (MEH)
Caption of Order: ORDER (A) APPROVING AUCTION PROCEDURES AND NOTICE OF AUCTION
             SALE OF CERTAIN DEBTOR'S ASSETS, (B) SCHEDULING A HEARING TO
             CONSIDER THE SALE OF THE DEBTOR'S ASSETS, (C) APPROVING THE FORM
             AND MANNER OF NOTICE THEREOF, (D) WAIVING THE FOURTEEN DAY
             STAY, AND (E) GRANTING RELATED RELIEF

Upon consideration of the motion (the "Motion")[2] of the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), pursuant to sections 105(a), 363, and 506(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 6004-1, 6004-2, and 9013-1(a)(3) of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules") for *Orders: (I) (A) Approving Auction Procedures and Notice of Auction Sale of Certain Debtor's Assets, (B) Scheduling a Hearing to Consider the Sale of Debtor's Sale, (C) Approving the Form and Manner of Notice Thereof; (D) Waiving The Fourteen Day Stay, and (E) Granting Related Relief and (II) (A) Authorizing the Sale of Certain Debtor's Assets Free and Clear of Liens, Claims, Interests, and Encumbrances, (B) Waiving the Fourteen Day Stay, and (C) Granting Related Relief*; and the Motion seeking, among other things, (a) approval for certain bidding procedures as more fully set forth in **Exhibit 1** hereto (the "Auction Procedures") in connection with the proposed sale (the "Sale") of certain of the Debtor's non-essential Vehicles (the "NE Vehicles") free and clear of liens, claims, interests, and other encumbrances, with such liens to attach the proceeds of the Sale, (b) approval of the form and manner of notice of the auction (the "Auction") and sale hearing (the "Sale Hearing") with respect to the Sale, substantially in the form attached hereto as **Exhibit 2** (the "Sale Notice"), (c) scheduling of an Auction and Sale Hearing, and (d) granting related relief; and it appearing that the relief requested is in the best interests of the Debtor's estate, creditors, and

---

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion or Auction Procedures (as defined below), as applicable.

10221266

Page                    3
Debtor:                 JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:               26-14194 (MEH)
Caption of Order:       ORDER (A) APPROVING AUCTION PROCEDURES AND NOTICE OF AUCTION
                        SALE OF CERTAIN DEBTOR'S ASSETS, (B) SCHEDULING A HEARING TO
                        CONSIDER THE SALE OF THE DEBTOR'S ASSETS, (C) APPROVING THE FORM
                        AND MANNER OF NOTICE THEREOF, (D) WAIVING THE FOURTEEN DAY
                        STAY, AND (E) GRANTING RELATED RELIEF

---

other parties in interest; and it appearing that the venue of this proceeding and the Motion in this

District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and notice of the Motion and the

opportunity for a hearing on the Motion was appropriate and no other or further notice need be

given; and, upon the statements of counsel, the *Declaration of Steven A. San Filippo in Support of*

*Debtor's Chapter 11 Petition and First Day Motions* (the "First Day Declaration"), and any

testimony or offer of proof as to testimony that may have been presented at the hearing on the

Motion (the "Auction Procedures Hearing"); and all objections, if any, to the Motion having been

withdrawn, resolved, or overruled as set forth herein; and after due deliberation and sufficient

cause appearing therefore

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and

1334 and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United*

*States District Court for the District of New Jersey*, entered July 23, 1984, and amended on June

6, 2025 (Bumb, C.J.).

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

C.      The Debtor has articulated good and sufficient reasons for, and the Debtor believes

that the best interests of its estate, creditors, and other parties in interest will be served by, this

Court granting the relief requested in the Motion to be approved pursuant to this Order.

10221266

Page                  4
Debtor:               JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:             26-14194 (MEH)
Caption of Order:     ORDER (A) APPROVING AUCTION PROCEDURES AND NOTICE OF AUCTION
                      SALE OF CERTAIN DEBTOR'S ASSETS, (B) SCHEDULING A HEARING TO
                      CONSIDER THE SALE OF THE DEBTOR'S ASSETS, (C) APPROVING THE FORM
                      AND MANNER OF NOTICE THEREOF, (D) WAIVING THE FOURTEEN DAY
                      STAY, AND (E) GRANTING RELATED RELIEF

D.      The Debtor has articulated good and sufficient reasons for, and the Debtor believes that the best interests of its estate, creditors, and other parties in interest will be served by, this Court granting the relief requested in the Motion to be approved pursuant to this Order.

E.      The Debtor's estate will suffer harm if the relief requested in the Motion to be approved by this Order is not granted.

F.      The Debtor has articulated good and sufficient reasons for, and the Debtor believes that the best interests of its estate and stakeholders will be served by, this Court scheduling or fixing dates pursuant to this Order for the (i) Auction, (ii) Sale Objection Deadline (as defined below), and (iii) Sale Hearing.

G.      The Sale Notice attached hereto as **Exhibit 2**, is reasonably calculated to provide the Sale Notice Parties and other interested parties with proper notice of (i) the Auction Procedures, (ii) the Auction, (iii) the Sale Hearing, and (iv) the Sale.

H.      The Auction Procedures are fair, reasonable, and appropriate, reflect the Debtor's exercise of prudent business judgment consistent with its fiduciary duties, and are designed to promote participation and active bidding and to ensure that the highest or otherwise best value is generated for the Purchased Assets. The Auction Procedures were negotiated in good faith and without collusion.

I.      The Debtor has demonstrated a compelling and sound business justification for this Court to enter this Order, to approve the Auction Procedures, and to establish the dates and deadlines set forth herein.

10221266

| | |
|---|---|
| Page | 5 |
| Debtor: | JOSHUA TOURS LIMITED LIABILITY COMPANY |
| Case No.: | 26-14194 (MEH) |
| Caption of Order: | ORDER (A) APPROVING AUCTION PROCEDURES AND NOTICE OF AUCTION SALE OF CERTAIN DEBTOR'S ASSETS, (B) SCHEDULING A HEARING TO CONSIDER THE SALE OF THE DEBTOR'S ASSETS, (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (D) WAIVING THE FOURTEEN DAY STAY, AND (E) GRANTING RELATED RELIEF |

J.     The Motion and this Order comply with all applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

K.     Due, sufficient and adequate notice of the relief granted herein has been given to all parties in interest.

L.     The entry of this Order is in the best interests of the Debtor's estate, its creditors, interest holders, and all other parties in interest in this Chapter 11 Case.

M.     The Auction Procedures are reasonably designed to maximize the value to be achieved for the Purchased Assets.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.     The Motion is GRANTED to the extent set forth herein.

2.     All objections to the relief requested in this Motion that have not been withdrawn, waived, or settled as announced to the Court at the Auction Procedures Hearing, are overruled. The findings of fact set forth above and the conclusions of law stated herein shall constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this matter pursuant to Bankruptcy Rule 9014. To the extent that any finding of fact shall be later determined to be a conclusion of law, it shall be so deemed, and to the extent that any conclusion of law shall be later determined to be a finding of fact, it shall be so deemed.

3.     The Auction Procedures attached hereto as **Exhibit 1** and incorporated herein by reference, are hereby approved in all respects and shall govern the Auction and all bidders and bids.

10221266

Page                  6
Debtor:               JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:             26-14194 (MEH)
Caption of Order:     ORDER (A) APPROVING AUCTION PROCEDURES AND NOTICE OF AUCTION
                      SALE OF CERTAIN DEBTOR'S ASSETS, (B) SCHEDULING A HEARING TO
                      CONSIDER THE SALE OF THE DEBTOR'S ASSETS, (C) APPROVING THE FORM
                      AND MANNER OF NOTICE THEREOF, (D) WAIVING THE FOURTEEN DAY
                      STAY, AND (E) GRANTING RELATED RELIEF

4.      Any person wishing to participate in the Auction and submit a bid for the Assets must do so in accordance with the terms of the Auction Procedures.

5.      The Auction for the Assets shall be conducted by Auction Advisors, LLC (the "Auctioneer") on the Auctioneer's timed online bidding platform (the "Platform"), which shall include the Auctioneer's private label HiBid site as well as the HiBid public platforms. The marketing of the Auction shall be no less than three (3) weeks, and bidding shall stay open for no less than four (4) days.

6.      Any credit bid party, which shall exclusively include any creditor that has a lien on an individual Vehicle as a result of a vehicle and equipment finance agreement with the Debtor, wishing to set a reserve amount or initial credit bid for any item being auctioned in which it has a lien position must submit such reserve amount or initial credit bid to Auctioneer, with notice to Debtor's counsel, no later than ten (10) business days prior to the date set for the start of the Auction, unless otherwise agreed to by the Debtor and Auctioneer.  If the Debtor and any credit bid party are unable to reach an agreement on the amount of a reserve price, the parties shall notify the Bankruptcy Court and request a determination of the issue in advance of the Auction at a hearing that will be held, if necessary, on June 11, 2026 at 10:00 a.m. (the "Pre-Auction Hearing"). The Auctioneer shall identify for each Vehicle whether there is a reserve price, and whether a bid exceeds the reserve price, but the reserve price is not required to be published by the Auctioneer. Attached hereto as **Exhibit 3** is a schedule prepared by the Debtor setting forth the Debtor's position on the credit bid amounts for each credit bid party solely with respect to the amount each credit bid party shall be permitted to credit bid at the Auction (the "Proposed Credit Bid

10221266

Page          7
Debtor:       JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:     26-14194 (MEH)
Caption of Order:   ORDER (A) APPROVING AUCTION PROCEDURES AND NOTICE OF AUCTION
              SALE OF CERTAIN DEBTOR'S ASSETS, (B) SCHEDULING A HEARING TO
              CONSIDER THE SALE OF THE DEBTOR'S ASSETS, (C) APPROVING THE FORM
              AND MANNER OF NOTICE THEREOF, (D) WAIVING THE FOURTEEN DAY
              STAY, AND (E) GRANTING RELATED RELIEF

Schedule"). To the extent that a credit bid party disagrees with the amounts set forth in the Proposed Credit Bid Schedule, it must notify the Debtor and Auctioneer and propose an alternative proposed credit bid amount no later than ten (10) business days prior to the date set for the start of the Auction. If the Debtor and any credit bid party are unable to reach an agreement on the amount of an allowed credit bid, the parties shall notify the Bankruptcy Court and request a determination of the issue in advance of the Auction at the Pre-Auction Hearing. All credit bids shall be subject to the cash payment of a 10% buyer's premium in addition to any amount being credit bid. Reserve amounts shall not be subject to a 10% buyer's premium. Credit bid parties shall be permitted to access information through Auctioneer's website to observe the status of the auction of their collateral.

7.     The Auction shall be conducted in accordance with the Auction Procedures. The Assets will be offered in individual lots and may, at the Auctioneer's discretion, be offered in bulk or group lots. The Vehicles may be subject to a reserve price as agreed to by the Debtor and the Auctioneer. All sales shall be on an "as-is" "where-is" basis. The Auctioneer shall charge the winning bidder a 10% Buyer's Premium, which is an amount calculated as 10% of the bid amount payable by the buyer in addition to the bid amount.

8.     The Debtor shall electronically file a notice of the results of the Auction (the "Auction Results") no later than forty-eight (48) hours after the conclusion of the Auction.

9.     None of the Assets will be released to a successful bidder until Court approval of the Sale, payment of the total purchase price (including Buyer's Premium), and such funds clearing

10221266

Page         8
Debtor:      JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:    26-14194 (MEH)
Caption of Order:   ORDER (A) APPROVING AUCTION PROCEDURES AND NOTICE OF AUCTION SALE OF CERTAIN DEBTOR'S ASSETS, (B) SCHEDULING A HEARING TO CONSIDER THE SALE OF THE DEBTOR'S ASSETS, (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (D) WAIVING THE FOURTEEN DAY STAY, AND (E) GRANTING RELATED RELIEF

to the satisfaction of the Auctioneer, and the satisfaction of all other conditions of sale as set forth in the Auction Procedures.

10.     The Court will conduct the Sale Hearing on June 25, 2026 at 10:00 a.m. (prevailing Eastern Time), at which time the Court will consider approval of the Sale to the successful bidder(s) of the Auction.

11.     The deadline for objecting to the approval of the Sale, including the results of the Auction, is **June 23, 2026, at 12:00 p.m. (prevailing Eastern Time)** (the "Sale Objection Deadline"). To be considered, any objection to the Sale must (a) comply with the Bankruptcy Rules and the Local Rules; (b) be made in writing; (c) state with particularity the legal and factual basis for the objection and the specific grounds therefor; and (d) be filed with the Court and served so as to be ***actually received*** no later than the Sale Objection Deadline by the following parties: (i) Debtor's counsel, Porzio, Bromberg & Newman, P.C., 5 Sylvan Way, P.O. Box 118, Parsippany, New Jersey 07054, Attn: Brett S. Moore, Esq. (bsmoore@pbnlaw.com) and Robert M. Schechter, Esq. (rmschechter@pbnlaw.com); and (ii) the Office of the United States Trustee for the District of New Jersey (collectively, the "Objection Notice Parties"). If any party in interest fails to timely file with the Court and serve an objection by the Sale Objection Deadline, such party shall be barred from asserting, at the Sale Hearing or otherwise, any objection to the relief requested in the Motion or to the consummation and performance of the Sale, including the transfer of the Assets to the successful bidder(s) free and clear of all liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code, and shall be deemed to "consent" for the purposes of section 363(f) of the Bankruptcy Code.

10221266

Page                    9
Debtor:                 JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:               26-14194 (MEH)
Caption of Order:       ORDER (A) APPROVING AUCTION PROCEDURES AND NOTICE OF AUCTION
                        SALE OF CERTAIN DEBTOR'S ASSETS, (B) SCHEDULING A HEARING TO
                        CONSIDER THE SALE OF THE DEBTOR'S ASSETS, (C) APPROVING THE FORM
                        AND MANNER OF NOTICE THEREOF, (D) WAIVING THE FOURTEEN DAY
                        STAY, AND (E) GRANTING RELATED RELIEF

12.      The Sale Hearing may be adjourned by the Debtor from time to time without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court or on the Court's calendar.

13.      The Debtor is hereby authorized to conduct the Sale without the necessity of complying with any state or local transfer laws or requirements.

14.      The Sale Notice, substantially in the form attached hereto as **Exhibit 2**, is approved in all respects. No other or further notice of the Auction Procedures, the Sale Hearing, relevant objection or other deadlines, or the Sale is required.

15.      Within two (2) business day following the entry of this Order, the Debtor will cause the Sale Notice, substantially in the form attached hereto as **Exhibit 2**, to be served by email, if available, or otherwise by first class mail on the following; *provided, however*, that the Debtor need not serve the Sale Notice on any party for whom the Debtor is unable to obtain, after reasonable diligence, an email or physical address as of the entry of the Bid Procedures Order; *provided further* that the Debtor shall not be obligated to provide supplemental service of the Sale Notice with respect to any Sale Notice that is returned to the Debtor as undeliverable so long as the Debtor has confirmed that any such Sale Notice was sent to the applicable email or physical address on file in the Debtor's books and records and no other email or physical address could be obtained after reasonable diligence, upon: (a) the United States Trustee for the District of New Jersey; (b) the Secured Lenders; (c) all parties that have timely requested notice in this Chapter 11 Case; (d) any parties that have knowingly expressed interest in the Assets; (e) the Internal Revenue

10221266

| Page | 10 |
|---|---|
| Debtor: | JOSHUA TOURS LIMITED LIABILITY COMPANY |
| Case No.: | 26-14194 (MEH) |
| Caption of Order: | ORDER (A) APPROVING AUCTION PROCEDURES AND NOTICE OF AUCTION SALE OF CERTAIN DEBTOR'S ASSETS, (B) SCHEDULING A HEARING TO CONSIDER THE SALE OF THE DEBTOR'S ASSETS, (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, (D) WAIVING THE FOURTEEN DAY STAY, AND (E) GRANTING RELATED RELIEF |

Service; (f) counsel to any statutory committee; and (g) all parties in interest listed on Debtor's creditor matrix (the "Sale Notice Parties").

16.     No bidder, or any other person or entity shall be entitled to any expense reimbursement, break-up fee, termination or other similar fee or payment in connection with the Sale.

17.     Nothing in the Motion or this Order shall be construed as (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtor's or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) an admission by the Debtor as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; (f) a waiver or limitation of the Debtor's or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; or (h) a waiver of the obligation of any party in interest to file a proof of claim..

10221266

Page              11
Debtor:           JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:         26-14194 (MEH)
Caption of Order: ORDER (A) APPROVING AUCTION PROCEDURES AND NOTICE OF AUCTION
                  SALE OF CERTAIN DEBTOR'S ASSETS, (B) SCHEDULING A HEARING TO
                  CONSIDER THE SALE OF THE DEBTOR'S ASSETS, (C) APPROVING THE FORM
                  AND MANNER OF NOTICE THEREOF, (D) WAIVING THE FOURTEEN DAY
                  STAY, AND (E) GRANTING RELATED RELIEF

18.     The Debtor's right to seek a determination of the extent, validity, and priority of each Secured Lender's allowed secured claim under section 506(a) of the Bankruptcy Code with respect to the NE Vehicles sold is hereby preserved and reserved for adjudication at the Sale Hearing or at such other date and time as the Court may designate.

19.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

20.     The Debtor is authorized and empowered to take such steps, expend such sums of money and do such other things as may be necessary to implement and effectuate the terms and requirements established and relief granted in this Order.

21.     All title holders of the NE Vehicles must convey title to each of the NE Vehicles to the successful bidder(s).

22.     In the event of any inconsistency between this Order and the Auction Procedures, the Auction Procedures shall govern. The failure to include or reference a particular provision of the Auction Procedures in this Order shall not diminish or impair the effectiveness or enforceability of such provision. This Order shall be binding upon and inure to the benefit of the Debtor, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estate of the Debtor. All time periods set forth in this Order or the Auction Procedures shall be calculated in accordance with Bankruptcy Rule 9006(a).

23.     The Court shall retain jurisdiction over any matter or dispute arising from or relating to the implementation, interpretation, and enforcement of this Order.

10221266

## **Exhibit 1**

Auction Procedures

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>**PORZIO, BROMBERG & NEWMAN, P.C.**<br>5 Sylvan Way<br>P.O. Box 218<br>Parsippany, New Jersey 07054<br>(973) 538-4006<br>(973) 538-5146 Facsimile<br>Brett S. Moore, Esq. (bsmoore@pbnlaw.com)<br>Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)<br><br>*Proposed Counsel to Debtor and Debtor-In-Possession* | |
| In re:<br><br>JOSHUA TOURS LIMITED LIABILITY COMPANY,[1]<br><br>Debtor. | Chapter: 11<br><br>Case No.: 26-14194 (MEH) |

## AUCTION PROCEDURES

The following auction procedures (the "**Auction Procedures**") shall govern the sale by auction of certain vehicles owned by Joshua Tours Limited Liability Company, as debtor and debtor-in-possession (the "**Debtor**"), including without limitation those vehicles set forth on **Exhibit A** attached hereto (the "**Vehicles**")[2]. The Sale[3] will be subject to bidding as set forth herein and also be subject to the approval of the Bankruptcy Court, pursuant to sections 105, 363, and 365 of title 11 of the United States Code (the "**Bankruptcy Code**").

On April 17, 2026, the Debtor filed the Debtor's *Motion for Entry of Orders (I) (A) Approving Auction Procedures and Notice of Auction Sale of Certain Debtor's Assets, (B) Scheduling a Hearing to Consider the Sale of Debtor's Assets, (C) Approving the Form and Manner of Notice Thereof, (D) Waiving the Fourteen Day Stay, and (E) Granting Related Relief and (II) (A) Authorizing the Sale of Certain Debtor's Assets Free and Clear OF Liens, Claims, Interests, and Encumbrances, (B) Waiving the Fourteen Day Stay, (C) Granting Related Relief* (the "**Motion**") [Docket No. 19].

On [●], the Bankruptcy Court entered an order approving these Auction Procedures (the "**Bid Procedures Order**"), thereby approving these Auction Procedures, and scheduling the

---

[1] Debtor in this case, along with the last four digits of the Debtor's federal tax identification number is: Joshua Tours Limited Liability Company (9686). The location of the Debtor's service address is: 183 Autumn Avenue, Passaic, NJ 07055.

[2] Debtor reserves its right to modify Exhibit A in advance of the Auction, including adding additional vehicles and/or removing certain vehicles if appropriate.

[3] Capitalized terms not otherwise defined herein have the meanings given to such terms in the Motion.

10229209

hearing to consider approving the Sale to the successful bidder(s) on [●] at [●] (prevailing Eastern Time) (the "**Sale Hearing**").

A. **Assets to be Sold**: The assets to be sold include the Vehicles, which shall be sold free and clear of all liens, claims, interests, and encumbrances, to the fullest extent allowed under Section 363(f) of the Bankruptcy Code.

B. **The Auction**: The Auction for the Assets is to be conducted by Auction Advisors, LLC (the "**Auctioneer**") as follows:

   i. **Auction for the Assets**. Upon the Auctioneer completing a cataloging and physical inventory of the Vehicles to be included in the auction (the "**Auction**"), including photographing, videotaping, preparing comprehensive asset listings and vehicle descriptions for each item, and coordinating exterior cleaning of the school buses as needed to ensure the Vehicles present in reasonably optimal condition for prospective bidders, an auction will be held on the HiBid timed online bidding platform (the "**Platform**"), which shall include the Auctioneer's private label HiBid site as well as the HiBid public platforms. The Auctioneer shall only auction such Vehicles that (i) have been properly identified, (ii) are in possession of Debtor, and (iii) with respect to those Vehicles that require a title from the Department of Motor Vehicles, only those with respect to which title has been provided or with respect to which there is a reasonable expectation of title being received in the short term. In the event certain of the Vehicles do not satisfy the qualifications of being taken to auction, Auctioneer may, at its discretion, move forward with an auction of the qualified items and conduct subsequent auctions for the unqualified Vehicles as additional Vehicles become duly qualified.

   ii. The marketing of the Auction shall be no less than three (3) weeks, and bidding shall stay open for no less than four (4) days. The Auctioneer shall advertise the Auction through online advertising on major commercial auction websites, direct email solicitation, social media promotion, targeted telemarketing to strategic buyers (including public and private schools, school districts, transportation companies, and other institutional purchasers located within a 1,000-mile radius of the asset location), and direct mail to key decision-makers.

   iii. The Vehicles will be offered in individual lots and may, at Auctioneer's discretion, be offered in bulk or group lots.

   iv. The Vehicles may be subject to a reserve price as agreed to by the Debtor and the Auctioneer.

   v. Any credit bid party, which shall exclusively include any creditor that has a lien on an individual Vehicle as a result of a vehicle and equipment finance agreement with the Debtor, wishing to set a reserve amount or initial credit bid for any item being auctioned in which it has a lien position must submit such reserve amount or initial credit bid to Auctioneer, with notice to Debtor's counsel, no later than ten (10) business days prior to the date set for the start of the Auction, unless otherwise agreed

2

10229209

to by the Debtor and Auctioneer. If the Debtor and any credit bid party are unable to reach an agreement on the amount of a reserve price, the parties shall notify the Bankruptcy Court and request a determination of the issue in advance of the Auction at a hearing that will be held, if necessary, on June 11, 2026 at 10:00 a.m. (the "**Pre-Auction Hearing**"). The Auctioneer shall identify for each Vehicle whether there is a reserve price, and whether a bid exceeds the reserve price, but the reserve price is not required to be published by the Auctioneer. The Debtor shall include an exhibit to the Bid Procedures Order setting forth the Debtor's position on the credit bid amounts for each credit bid party solely with respect to the amount each credit bid party shall be permitted to credit bid at the Auction (the "**Proposed Credit Bid Schedule**"). To the extent that a credit bid party disagrees with the amounts set forth in the Proposed Credit Bid Schedule, it must notify the Debtor and Auctioneer and propose an alternative proposed credit bid amount no later than ten (10) business days prior to the date set for the start of the Auction. If the Debtor and any credit bid party are unable to reach an agreement on the amount of an allowed credit bid, the parties shall notify the Bankruptcy Court and request a determination of the issue in advance of the Auction at the Pre-Auction Hearing. All credit bids shall be subject to the cash payment of a 10% buyer's premium in addition to any amount being credit bid. Reserve amounts shall not be subject to a 10% buyer's premium. Credit bid parties shall be permitted to access information through Auctioneer's website to observe the status of the auction of their collateral. To the extent that no bid is received that is in excess of any reserve amount set for a Vehicle, the Vehicle will not be sold.

vi. All sales are "as-is" "where-is."

vii. Physical inspections of the Vehicles may be coordinated through the Auctioneer.

viii. The highest and best offers must be completely devoid of any contingencies, including due diligence and financial contingencies, other than those offers ("**School District Offers**") coming in directly or indirectly from school districts which have certain requirements to approve such purchases and whose offers contain such contingencies reasonably necessary to fulfill such requirements. Any School District Offers shall be evaluated by the Debtor and the allowance of any contingencies with respect to a School District Offer shall be made at the Debtor's discretion.

ix. Auctioneer shall charge the winning bidder a 10% Buyer's Premium for any amount bid, calculated as 10% of the bid amount payable by buyer in addition to the bid amount.

x. Qualified bidders will be required to provide their full, legal names, business name if applicable, mailing address, telephone number, email address, on the online bidding platform, and their credit card will be used to confirm their identity.

xi. Unless otherwise agreed to by the Auctioneer, the terms of sale will require the bidder to pay the purchase price (including Buyer's Premium) within 48 hours of being invoiced, which shall take place promptly after the Auction. Any school districts that wish to participate in the Auction must register in advance with the Auctioneer and

3

advise of any potential delays that may be required to address school board/other approvals in advance of closing on the sale of Vehicle and any such restrictions will be considered by the Auctioneer and Debtor in determining the highest and best offer for any Vehicle.

xii.   In the event of any dispute between bidders or in the event a winning bidder defaults, Auctioneer may determine the successful Bidder or re-offer and re-sell the items in dispute or with respect to which a buyer has defaulted. Should there be any dispute after the sale as to which party is the winning bidder, Auctioneer's records shall be conclusive.

xiii.   None of the Vehicles will be released to a successful bidder until Court approval of the Sale, payment of the total purchase price and such funds clearing to the satisfaction of the Auctioneer, and the satisfaction of all other conditions of sale. In addition to paying the full purchase price, a successful bidder must present valid proof of insurance to drive the purchased vehicle prior to or concurrent with pick up. Successful bidders must remove the purchased items from the applicable premises at their own risk, expense and liability. Successful bidders will be assigned a pickup/removal time for their Vehicles after Court approval of the Sale[4].  All items **MUST** be picked up during the time frames provided. In the event any purchased item is not removed in a timely manner, Auctioneer has the option of dumping, storing or re-selling any such item purchased, in addition to forfeiting any amount paid. The costs associated with any such activities shall be at the expense and risk of the successful bidder. Original Vehicle titles will be mailed to each successful Bidder via guaranteed mail. Such original titles are expected to be delivered within approximately fifteen (15) days after Court approval of the Sale, however, in the event the Debtor is acting reasonably and in good faith, failure to meet such time frame shall not be a risk assumed by the Debtor or Auctioneer.  Lienholders shall be obligated to send the appropriate titles to Auctioneer, in an expeditious manner (but no more than 2 business days) after Court approval of the Sale.

C.   **Mailing the Auction Sale and Hearing Notice**. On a date no later than two (2) business days following entry by the Bankruptcy Court of the Bid Procedures Order, the Debtor's Counsel shall mail the Notice of Proposed Public Sale and Bid Procedures Order by first class mail, postage prepaid, upon: (1) counsel to the United States Trustee for the District of New Jersey; (2) secured creditors; (3) taxing authorities; (4) all parties that timely have requested notice in this case; and (5) any parties that have knowingly expressed interest in the Vehicles.

D.   **Auction Results**.  The Debtor shall electronically file a notice of the results of the Auction (the "**Auction Results**") no later than forty-eight (48) hours after the conclusion of the Auction.

---

[4] Note that 14 of the Vehicles may not be picked up before June 24, 2026.  Each such Vehicle will be identified as such in the Auction marketing materials.

4

10229209

E. **Objections**. Objections to the results of the Auction, if any, shall be filed as provided for below. All objections shall: (i) be in writing; (ii) specify with particularity the basis for the objection; and (iii) be filed with the United States Bankruptcy Court District of New Jersey, Martin Luther King, Jr., Federal Building, 50 Walnut Street, Newark, NJ 07102, and simultaneously served on: (a) Debtor's Counsel, Porzio, Bromberg & Newman, P.C., 5 Sylvan Way, P.O. Box 218, Parsippany, NJ 07054, Attn: Brett S. Moore, Esq., (email: bsmoore@pbnlaw.com) and Attn: Robert M. Schechter, Esq., (email: rmschechter@pbnlaw.com); and (b) counsel to the Office of the United States Trustee, One Newark Center, Suite 2100, Newark, NJ 07102, so as to be actually received by [●] at 5:00 p.m. (the "**Objection Deadline**").

F. **Bankruptcy Court Approval of the Successful Bidder(s)**. A hearing to confirm the results of the Auction shall be held before the Honorable [●], United States Bankruptcy Judge, at the United States Bankruptcy Court for the District of New Jersey, [●], on [●] (the "**Sale Hearing**").

G. **Business Judgment of the Debtor**. The Debtor in consultation with the Auctioneer and the Debtor's Counsel reserves the right (a) to determine in the reasonable exercise of the Debtor's business judgment, which bid is the highest or otherwise best offer; and (b) to reject at any time prior to entry of an order of the Bankruptcy Court approving a winning bidder, any bid that, in the reasonable exercise of the Debtor's business judgment, deems to be (i) inadequate or insufficient, or (ii) not to conform with the requirements of the Bankruptcy Code or the Auction Procedures. The Debtor in consultation with the Auctioneer and the Debtor's Counsel also reserves the right to adjourn the Auction and Sale Hearing from time to time with permission of the Court.

H. **Reservation of Rights**. The Debtor reserves the right to (i) impose additional terms and conditions applicable to all bidders at or prior to the Auction, (ii) with permission of the Court, extend the deadlines set forth in the Auction Procedures and/or adjourn the Auction and/or Sale Hearing at the Auction or in open court without further notice; and (iii) reject any and all bids, if in the Debtor's reasonable business judgment, no bid is for a fair and adequate price.

5

**Exhibit 2**

Sale Notice

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**
**PORZIO, BROMBERG & NEWMAN, P.C.**
5 Sylvan Way
P.O. Box 218
Parsippany, New Jersey 07054
(973) 538-4006
(973) 538-5146 Facsimile
Brett S. Moore, Esq. (bsmoore@pbnlaw.com)
Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)

*Proposed Counsel to Debtor and Debtor-In-Possession*

|  |  |
|---|---|
| In re: | Chapter: 11 |
| JOSHUA TOURS LIMITED LIABILITY COMPANY,[1] | Case No.: 26-14194 (MEH) |
| Debtor. | |

**NOTICE OF PROPOSED AUCTION SALE OF CERTAIN
DEBTOR'S ASSETS, FREE AND CLEAR OF LIENS,
CLAIMS, INTERESTS AND ENCUMBRANCES,
AND SCHEDULING SALE HEARING RELATED THERETO**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

On April 17, 2026, the above-captioned debtor and debtor in possession (the "Debtor")
filed a motion (the "Sale Motion")[2] with the United States Bankruptcy Court for the District of
New Jersey (the "Court") seeking entry of two orders, in stages: (i) first, an order (the "Bid
Procedures Order") (a) approving Auction Procedures for the auction sale of certain Debtor's
assets, (b) scheduling the Auction and Sale Hearing, (c) approving the form and manner of notice
thereof, and (d) granting related relief (collectively, the "Bid Procedures Relief"), and (ii) second,
an order (the "Sale Order") (a) authorizing the Sale of certain Debtor's assets free and clear of all
liens, claims, interests and encumbrances, to the successful bidder or bidders of the Auction, with
such liens to attach to the proceeds of the Sale, (b) determining the allowed amount of each Secured
Lender's secured claim under section 506(a) of the Bankruptcy Code with respect to the assets
sold, (c) waiving the fourteen (14) day stay provided by Bankruptcy Rule 6004(h), and (d) granting
certain related relief.

The Debtor's fleet consists of approximately 158 school buses (the "Vehicles"), many of
which are encumbered by liens held by various equipment lenders (collectively, the "Secured

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number is: Joshua
Tours Limited Liability Company (9686).  The location of the Debtor's service address is: 183 Autumn Avenue,
Passaic, NJ 07055.
[2] Capitalized terms used but not defined herein shall have such meanings ascribed to them in the Sale Motion.

10222692

Lenders"). The Debtor has determined that certain of its Vehicles are non-essential to its ongoing operations and seeks to sell such non-essential Vehicles (the "NE Vehicles") through a public auction designed to maximize the value of such Assets for the benefit of the Debtor's estate and all parties in interest.

The Sale will be conducted on an "as is, where is" basis, free and clear of all liens, claims, interests, and encumbrances, with such encumbrances attaching to the net proceeds of the Sale. The Auction will be conducted by Auction Advisors, LLC (the "Auctioneer") on the Auctioneer's timed online bidding platform. Any interested party may participate in the Auction by registering on the Auctioneer's online bidding platform and providing required identification information, including full legal name, business name (if applicable), mailing address, telephone number, email address, and credit card for identity verification. The Auctioneer shall charge the winning bidder a 10% Buyer's Premium, which is an amount calculated as 10% of the bid amount payable by the buyer in addition to the bid amount. The highest and best offers must be completely devoid of any contingencies, including due diligence and financial contingencies. The winning bidder must pay the purchase price (including Buyer's Premium) within 48 hours of being invoiced, which shall take place promptly after the Auction.

Copies of the Sale Motion and other Sale-related documents are available free of charge by request in writing (email requests are acceptable) to the Debtor's proposed counsel: Porzio, Bromberg & Newman, P.C., Attn: Brett S. Moore (BSMoore@pbnlaw.com) and Robert M. Schechter (RMSchechter@pbnlaw.com), or those with PACER accounts may download copies from the Court's website at https://www.njb.uscourts.gov/.

## I.      Auction Procedures

A hearing on the Bid Procedures Relief was held before the Court on May 12, 2026, after which the Court entered the Bid Procedures Order [Docket No. ___], approving among other things, the Bid Procedures Relief.

A copy of the Bid Procedures Order and the Auction Procedures (attached to the Bid Procedures Order as Exhibit 1) are attached hereto as Annex 1. The Bid Procedures Order establishes the Auction Procedures that govern the manner in which the Assets are to be auctioned and sold. The Auction will be conducted by the Auctioneer on the Auctioneer's timed online bidding platform (the "Platform"), which shall include the Auctioneer's private label HiBid site as well as the HiBid public platforms. The marketing of the Auction shall be no less than three (3) weeks, and bidding shall stay open for no less than four (4) days. The Assets will be offered in individual lots and may, at the Auctioneer's discretion, be offered in bulk or group lots. The Vehicles may be subject to a reserve price as agreed to by the Debtor and the Auctioneer. All sales shall be on an "as-is" "where-is" basis.

Any credit bid party, which shall exclusively include any creditor that has a lien on an individual NE Vehicle as a result of a vehicle and equipment finance agreement with the Debtor, wishing to set a reserve amount or initial credit bid for any item being auctioned in which it has a lien position must submit such reserve amount or initial credit bid to Auctioneer, with notice to Debtor's counsel, no later than ten (10) business days prior to the date set for the start of the Auction, unless otherwise agreed to by the Debtor and Auctioneer. If the Debtor and any credit

2

10222692

bid party are unable to reach an agreement on the amount of a reserve price, the parties shall notify the Bankruptcy Court and request a determination of the issue in advance of the Auction at a hearing that will be held, if necessary, on June 11, 2026 at 10:00 a.m. (the "Pre-Auction Hearing"). The Auctioneer shall identify for each Vehicle whether there is a reserve price, and whether a bid exceeds the reserve price, but the reserve price is not required to be published by the Auctioneer. The Debtor shall include an exhibit to the Bid Procedures Order setting forth the Debtor's position on the credit bid amounts for each credit bid party solely with respect to the amount each credit bid party shall be permitted to credit bid at the Auction (the "Proposed Credit Bid Schedule"). To the extent that a credit bid party disagrees with the amounts set forth in the Proposed Credit Bid Schedule, it must notify the Debtor and Auctioneer and propose an alternative proposed credit bid amount no later than ten (10) business days prior to the date set for the start of the Auction.  If the Debtor and any credit bid party are unable to reach an agreement on the amount of an allowed credit bid, the parties shall notify the Bankruptcy Court and request a determination of the issue in advance of the Auction at the Pre-Auction Hearing.  All credit bids shall be subject to the cash payment of a 10% buyer's premium in addition to any amount being credit bid. Reserve amounts shall not be subject to a 10% buyer's premium. Credit bid parties shall be permitted to access information through Auctioneer's website to observe the status of the auction of their collateral. None of the Assets will be released to a successful bidder until Court approval of the Sale, payment of the total purchase price (including Buyer's Premium), and such funds clearing to the satisfaction of the Auctioneer, and the satisfaction of all other conditions of sale as set forth in the Auction Procedures.  For vehicles, a successful bidder must present valid proof of insurance prior to or concurrent with pickup.  Successful bidders must remove purchased items at their own risk, expense, and liability.  In the event of any dispute between bidders or in the event a winning bidder defaults, the Auctioneer may determine the successful bidder or re-offer and re-sell the items in dispute. The Auctioneer's records shall be conclusive.

No bidder, or any other person or entity, shall be entitled to any expense reimbursement, break-up fee, termination, or other similar fee or payment in connection with the Sale.

## II.    Sale Hearing

The Debtor shall electronically file a notice of the results of the Auction (the "Auction Results") no later than forty-eight (48) hours after the conclusion of the Auction.  The Sale Hearing is scheduled for **June 25, 2026, at 10:00 a.m. (prevailing Eastern Time)** at the United States Bankruptcy Court for the District of New Jersey, 50 Walnut Street, 3rd Floor, Newark, NJ 07102, Courtroom 3E, before the Honorable Mark E. Hall, United States Bankruptcy Judge. The Sale Hearing is being held to consider approval of the Sale to the successful bidder(s) of the Auction. The Debtor will file a copy of the proposed Sale Order on the docket prior to the Sale Hearing. The Sale Hearing may be adjourned or rescheduled without further notice to creditors or parties in interest other than by announcement of the adjournment in open Court or on the Court's calendar.

**THE DEADLINE TO OBJECT TO THE DEBTOR'S REQUEST TO APPROVE THE SALE OF THE ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS AND ENCUMBRANCES TO THE SUCCESSFUL BIDDER(S), INCLUDING THE RESULTS OF THE AUCTION (EACH, A "SALE OBJECTION") IS JUNE 23, 2026, AT 12:00 P.M. (PREVAILING EASTERN TIME) (THE "SALE OBJECTION DEADLINE").**

10222692

Any person or entity wishing to submit a Sale Objection must do so in writing, which response or pleading shall conform to the Bankruptcy Rules, and the Local Rules, and which shall be filed with the Court by no later than the Sale Objection Deadline and served on the following so as to be received by them by the Sale Objection Deadline:

> Porzio, Bromberg & Newman, P.C.
> 5 Sylvan Way, P.O. Box 118
> Parsippany, New Jersey 07054
> Brett S. Moore (BSMoore@pbnlaw.com)
> Robert M. Schechter (RMSchechter@pbnlaw.com)
>
> and
>
> Office of the U.S. Trustee
> District of New Jersey
> Attn:   Fran B. Steele (Fran.B.Steele@usdoj.gov)
>             David Gerardi (david.gerardi@usdoj.gov)

The failure of any person or entity to file and serve a Sale Objection on or before the Sale Objection Deadline shall bar such party from asserting, at the Sale Hearing or otherwise, any objection to the relief requested in the Sale Motion or to the consummation and performance of the Sale, including the transfer of the Assets to the successful bidder(s) free and clear of all liens, claims, interests, and encumbrances pursuant to section 363(f) of the Bankruptcy Code, and such party shall be deemed to "consent" for the purposes of section 363(f) of the Bankruptcy Code.

This Notice is subject to the full terms and conditions of the Bid Procedures Order and the Auction Procedures, which shall control in the event of any conflict. The Debtor encourages all persons to review such documents and all other Sale related documents in their entirety and to consult an attorney if they have questions or want advice.

Dated: May ___, 2026                                   **PORZIO, BROMBERG & NEWMAN, P.C.**

                                                       By: */s/ Brett S. Moore*
                                                              Brett S. Moore, Esq.
                                                              Robert M. Schechter, Esq.
                                                              5 Sylvan Way
                                                              P.O. Box 118
                                                              Parsippany, New Jersey 07054
                                                              (973) 538-4006
                                                              E-mail: bsmoore@pbnlaw.com
                                                                           rmschechter@pbnlaw.com

                                                              *Proposed Counsel to the Debtor and Debtor-in-Possession, Joshua Tours Limited Liability Company*

4

10222692

**<u>Annex 1</u>**

**Bid Procedures Order**

10222692

## Exhibit 3

Credit Bid Schedule

**JOSHUA TOURS LLC - DIP**
**CASE # 26-14194 (MEH)**

| Lender | Account No. | Unit | Outstanding Balance |
|---|---|---|---|
| Bancorp Bank | 28282-104289 | 99 | $98,766.26 |
| Bancorp Bank | 28282-104290 | 100 | $98,766.26 |
| Bancorp Bank | 28282-104291 | 101 | $98,766.26 |
| Bancorp Bank | 28282-104727 | 102 | $100,052.80 |
| Bancorp Bank | 28282-104728 | 103 | $100,052.80 |
| Bancorp Bank | 28282-104732 | 104 | $100,052.80 |
| Wells Fargo | 001-0010881-008 | 105 | $102,037.73 |
| Wells Fargo | 001-0010881-008 | 106 | $102,037.73 |
| Wells Fargo | 001-0010881-008 | 107 | $102,037.73 |
| Sumitomo-Huntington | 103502-(30662202510) | 119 | $83,653.01 |
| Sumitomo-Huntington | 103502-(30662202510) | 120 | $83,653.01 |
| Sumitomo-Huntington | 103502-(30662202510) | 121 | $83,653.01 |
| Sumitomo-Huntington | 103502-(30662202510) | 122 | $83,653.01 |
| Sumitomo-Huntington | 103502-(30662202510) | 123 | $83,653.01 |
| Ascentium Capital | 2668898 | H32 | $36,305.35 |
| Ascentium Capital | 2668898 | H33 | $36,305.35 |
| Wells Fargo | 001-0010881-000 | H34 | $42,077.94 |
| Wells Fargo | 001-0010881-000 | H35 | $42,077.94 |
| Balboa Capital | 341534-002 | H36 | $40,986.40 |
| Wells Fargo | 001-0010881-002 | H37 | $75,460.39 |
| Bancorp Bank | 28282-99713 | H38 | $96,159.27 |
| Bancorp Bank | 28282-99923 | H39 | $95,762.99 |
| Integrated Vehicles | 19318 | H40 | $89,782.63 |
| Wells Fargo | 001-0010881-004 | H41 | $102,601.86 |
| Integrated Vehicles | 19319 | H42 | $89,782.63 |
| Wells Fargo | 001-0010881-005 | H43 | $113,856.83 |
| Huntington | 003-0662202-508 | H44 | $116,815.05 |
| Bancorp Bank | 28282-99922 | H45 | $98,762.99 |
| Santander | 002-0030580-000 | H46 | $146,790.65 |
| Santander | 002-0030580-000 | H47 | $146,790.65 |
| Wells Fargo | 001-0010881-006 | H48 | $135,905.05 |
| Old Second National | 003-0662202-509 | H49 | $122,094.83 |
| Old Second National | 003-0662202-509 | H50 | $122,094.83 |
| Old Second National | 003-0662202-509 | H51 | $122,094.83 |

**JOSHUA TOURS LLC - DIP**
**CASE # 26-14194 (MEH)**

| Lender | Account No. | Unit | Outstanding Balance |
|---|---|---|---|
| Wells Fargo | 001-0010881-007 | H52 | $139,182.80 |
| Wells Fargo | 001-0010881-007 | H53 | $139,182.80 |
| Wells Fargo | 001-0010881-007 | H54 | $139,182.80 |
| Wells Fargo | 001-0010881-007 | H55 | $139,182.80 |
| Wells Fargo | 001-0010881-007 | H56 | $139,182.80 |
| Wells Fargo | 001-0010881-007 | H57 | $139,182.80 |
| Balboa Capital | 341534-007 | H58 | $122,599.34 |
| Sumitomo-Ascentium | 103593-(2804877) | H59 | $132,280.65 |
| Verdant | 9089000 | H60 | $153,888.00 |
| Verdant | 9089000 | H61 | $153,888.00 |
| Verdant | 9089001 | H62 | $153,888.00 |
| Verdant | 9089001 | H63 | $153,888.00 |
| Verdant | 9089002 | H64 | $159,709.12 |
| Verdant | 9089002 | H65 | $159,709.12 |
| **48 Commercial Buses** | | | **$5,218,290.87** |