UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-1**
**PORZIO, BROMBERG & NEWMAN, P.C.**
5 Sylvan Way
P.O. Box 218
Parsippany, New Jersey 07054
(973) 538-4006
(973) 538-5146 Facsimile
Brett S. Moore, Esq. (bsmoore@pbnlaw.com)
Robert M. Schechter, Esq. (rmschechter@pbnlaw.com)

*Counsel to Debtor and Debtor-In-Possession*

Order Filed on June 25, 2026
by Clerk
U.S. Bankruptcy Court
District of New Jersey

| | |
|---|---|
| In re:<br><br>JOSHUA TOURS LIMITED LIABILITY COMPANY,[1]<br><br>                    Debtor. | Chapter: 11<br><br>Case No.: 26-14194 (MEH) |

**ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE
AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B)
APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN
DAY STAY, AND (D) GRANTING RELATED RELIEF**

The relief set forth on the following pages, numbered two (2) through twenty-five (25), is

hereby **ORDERED.**

**DATED: June 25, 2026**

Honorable Mark E. Hall
United States Bankruptcy Judge

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number is: Joshua Tours Limited Liability Company (9686).  The location of the Debtor's service address is: 183 Autumn Avenue, Passaic, NJ 07055.

10283650

Page            2
Debtor:         JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:       26-14194 (MEH)
Caption of Order:   ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B) APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN DAY STAY, AND (D) GRANTING RELATED RELIEF

This matter having been opened to the Court upon the motion (the "Sale Motion")[2] of the debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 case (the "Chapter 11 Case"), pursuant to sections 105(a), 363, and 506(a) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rules 2002, 6004, and 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 6004-1 and 6004-2 of the Local Rules of the United States Bankruptcy Court for the District of New Jersey (the "Local Rules") for an Order: (A) authorizing the sale of certain of the Debtor's non-essential Vehicles (the "NE Vehicles"), including without limitation those vehicles set forth on **Schedule A** hereto, pursuant to the terms of the online auction (the "Auction") conducted in accordance with the Bid Procedures Order entered on May 13, 2026 [Dkt No. 75] (the "Bid Procedures Order"), which Auction commenced on June 14, 2026 and concluded on June 17, 2026, to the highest and best offer(s) from Qualified Bidder(s) at the Auction (collectively, the "Buyers"), free and clear of liens, claims, interests, and encumbrances, including without limitation any claims of successor liability; (B) approving the results of the Auction; (C) waiving the fourteen (14) day stay provided by Bankruptcy Rules 6004(h) and 6006(d); and (D) granting other related relief; and it appearing that good and sufficient notice of the Sale Motion having been provided to all creditors and other parties in interest; and the Court having considered the Sale Motion and the Auction Results (as defined below) [Dkt No. 104], any opposition thereto, and the arguments of counsel; and the Court having conducted a sale hearing (the "Sale Hearing") on **June 25, 2026, at 10:00 a.m.** (prevailing Eastern Time) and having heard and considered the statements of counsel and any testimony or

---

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Sale Motion, the Bid Procedures Order, the Auction Procedures, or the Auction Results, as applicable.

10283650

| Page | 3 |
|---|---|
| Debtor: | JOSHUA TOURS LIMITED LIABILITY COMPANY |
| Case No.: | 26-14194 (MEH) |
| Caption of Order: | ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B) APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN DAY STAY, AND (D) GRANTING RELATED RELIEF |

offer of proof as to testimony on the record at the Sale Hearing, at which time all creditors and other parties in interest of the Debtor were offered an opportunity to be heard with respect to the Sale Motion; and all objections to the Sale Motion having been withdrawn, resolved, or overruled as provided in this Sale Order; and the Court having determined that the relief requested in the Sale Motion is in the best interests of the Debtor's estate, creditors, and all other parties in interest; and other good cause having been shown, and for the reasons set forth on the record at the Sale Hearing;

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS AND DETERMINATIONS:**

A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

B.      This Court has jurisdiction to decide the Sale Motion and over the proposed sale transactions pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the *Standing Order of Reference to the Bankruptcy Court Under Title 11 of the United States District Court for the District of New Jersey*, entered July 23, 1984, and amended on June 6, 2025 (Bumb, C.J.).

C.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

D.      This Order (the "Sale Order") constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Time is of the essence in closing the Sale referenced herein, the Debtor and the Buyers intend to close the Sale as soon as practicable, and there is no just reason

10283650

Page                    4
Debtor:                 JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:               26-14194 (MEH)
Caption of Order:       ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE
                        AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B)
                        APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN
                        DAY STAY, AND (D) GRANTING RELATED RELIEF

for delay in the implementation of this Sale Order. Specifically, the Sale must be approved and consummated promptly in order to preserve the viability of the business in the hands of the Buyers as a going concern, and to maximize the value to the Debtor, its estate, creditors, interest holders and all other parties-in-interest. Accordingly, there is cause to lift the stays contemplated by Bankruptcy Rules 6004(h) and 6006(d).

E.      The statutory predicates for the relief sought in the Sale Motion are Sections 105(a), 363, 506(a) and 1146(a) of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, 9014, and Local Rules 6004-1 through 6004-5.

F.      Notice of the Sale Motion, the Auction, and the Sale Hearing has been provided to: (1) the United States Trustee for the District of New Jersey; (2) all Secured Lenders; (3) taxing authorities; (4) all parties that timely requested notice in this Chapter 11 Case; and (5) any parties that have knowingly expressed interest in the NE Vehicles. As evidenced by the Certificate(s) of Service filed with this Court and the representations of counsel at the Sale Hearing: (a) due, proper, timely, adequate, and sufficient notice of the Sale Motion, the Auction, the Sale Hearing, and the transactions set forth in the Auction Results has been provided in accordance with Bankruptcy Code Sections 105(a), 363, and 506(a) and Bankruptcy Rules 2002, 6004, 6006, and applicable Local Rules; (b) such notice was good, adequate, and sufficient under the circumstances of this Chapter 11 Case; and (c) no other or further notice of the Sale Motion, the Auction, the Sale Hearing, or the Sale is necessary or required.

G.      The deadline for objecting to approval of the Sale, including the results of the Auction (the "Sale Objection Deadline"), was June 23, 2026, at 12:00 p.m. (prevailing Eastern

10283650

Page 5
Debtor: JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.: 26-14194 (MEH)
Caption of Order: ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B) APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN DAY STAY, AND (D) GRANTING RELATED RELIEF

Time), as established by the Bid Procedures Order. To be considered, any objection to the Sale

was required to (a) comply with the Bankruptcy Rules and the Local Rules; (b) be made in writing;

(c) state with particularity the legal and factual basis for the objection and the specific grounds

therefor; and (d) be filed with the Court and served so as to be actually received no later than the

Sale Objection Deadline by: (i) Debtor's counsel, Porzio, Bromberg & Newman, P.C., 5 Sylvan

Way, P.O. Box 218, Parsippany, New Jersey 07054, Attn: Brett S. Moore, Esq.

(bsmoore@pbnlaw.com) and Robert M. Schechter, Esq. (rmschechter@pbnlaw.com); and (ii) the

Office of the United States Trustee for the District of New Jersey. Any party in interest that failed

to timely file and serve an objection by the Sale Objection Deadline is barred from asserting any

objection to the Sale and is deemed to have consented to the Sale for purposes of Section 363(f)

of the Bankruptcy Code.

H.     The Debtor has demonstrated a sound business justification for the Sale of the NE

Vehicles. The NE Vehicles are non-essential to the Debtor's ongoing operations, and the Sale

through the Court-supervised Auction maximizes value for the estate, its creditors, stakeholders,

and all other parties in interest.

I.     The Auction was conducted by Auction Advisors, LLC (the "Auctioneer"),

commencing on June 14, 2026 and concluding on June 17, 2026, in accordance with, and the

Auctioneer has otherwise complied in all respects with, the Bid Procedures Order. On June 19,

2026, the Debtor electronically filed a notice of the results of the Auction, which sets forth the

winning bid(s), the identity of each Buyer, and the purchase price for each NE Vehicle on the

docket [Dkt No. 104], an amended notice of the Auction Results on June 22, 2026 [Dkt No. 105],

10283650

Page                    6
Debtor:                 JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:               26-14194 (MEH)
Caption of Order:       ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B) APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN DAY STAY, AND (D) GRANTING RELATED RELIEF

and a second amended notice of the Auction Results on June 23, 2026 [Dkt. No. 106] (the "Auction Results"). The Auction was duly noticed and conducted in a non-collusive, fair, and good faith manner, and afforded a full, fair, and reasonable opportunity for any person or entity to make an offer to purchase the NE Vehicles.

J.      The Auction Results represent the highest and best offers for the NE Vehicles under the circumstances of the Debtor's Chapter 11 Case.  No other person, entity, or group of entities other than the Buyers has offered to purchase the NE Vehicles for an amount that would give greater economic value to the Debtor and its estate.

K.      The Auction Results annexed hereto as **Schedule A** reflect the final results of the Auction, including some sales that occurred after the official closing of the bidding with the consent of the relevant lenders.  The Auction Results **do not include the 10% Buyer's Premium** due to the Auctioneer by each successful bidder in addition to the bid amount.  The Auction Results as reflected in Schedule A hereto are hereby approved.  To the extent any individual sale is not consummated due to Buyer default or collection failure, the Debtor is authorized to seek to close the sale on the next highest bidder with the consent of the relevant Secured Lender, and shall file a notice on the docket identifying such failed transaction(s) and any corrective action taken pursuant to this Sale Order.

L.      One NE Vehicle did not receive bids meeting the applicable reserve price established by the respective Secured Lender (the "Unsold Vehicle") and was unable to be sold to an alternative bidder prior to the Sale Hearing.  The Debtor is authorized to coordinate with the relevant Secured Lender in order to: (i) sell the Unsold Vehicle to a bidder interested in purchasing

10283650

Page             7
Debtor:          JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:        26-14194 (MEH)
Caption of Order: ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE
                 AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B)
                 APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN
                 DAY STAY, AND (D) GRANTING RELATED RELIEF

the Unsold Vehicle if consented to by the lender; or (ii) turn the Unsold Vehicle over to the Secured Lender maintaining a first priority lien position on such Unsold Vehicle without further Order of the Court.

M.     Subject to the entry of this Sale Order, the Debtor: (i) has full power and authority to execute the Auction Results and any ancillary agreements or other documents contemplated thereby; (ii) has all of the power and authority necessary to consummate the transactions contemplated by the Auction Results; and (iii) has taken all action necessary to authorize and approve the Sale of the NE Vehicles to the Buyers and the consummation of the transactions relating thereto (the "Sale").  No consents or approvals, other than those expressly provided for in the Auction Results or this Sale Order, are required for the Debtor to close on the Sale and consummate the transactions contemplated thereby.

N.     The Auction Results and the transactions contemplated therein were negotiated, proposed, and entered by the Debtor and the Buyers without collusion or fraud, from arm's length bargaining positions, and in good faith within the meaning of Section 363(m) of the Bankruptcy Code. The Buyers are "good faith purchasers" of the NE Vehicles within the meaning of Section 363(m) of the Bankruptcy Code and are therefore entitled to all the protections afforded by Section 363(m) of the Bankruptcy Code. The Buyers are not "insiders" of the Debtor as that term is defined in Bankruptcy Code Section 101(31). The Buyers have proceeded in good faith in all respects in connection with this proceeding in that: (a) the Buyers recognized that the Debtor was free to deal with any other party interested in acquiring the NE Vehicles; (b) the Buyers complied with the provisions of the Bid Procedures Order; and (c) the Buyers agreed to subject their bids to the

10283650

| Page | 8 |
|---|---|
| Debtor: | JOSHUA TOURS LIMITED LIABILITY COMPANY |
| Case No.: | 26-14194 (MEH) |
| Caption of Order: | ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B) APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN DAY STAY, AND (D) GRANTING RELATED RELIEF |

competitive bidding procedures set forth in the Bid Procedures Order. Accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale.

O.      Neither the Debtor nor the Buyers nor any of their respective affiliates, partners, principals, agents, members, or their representatives has engaged in any conduct that would cause or permit the Auction Results or other documents related to the Sale to be avoided, or costs or damages to be imposed, under Section 363(n) of the Bankruptcy Code. The Buyers have not acted in a collusive manner with any person, and the purchase prices were not controlled by any agreement among bidders. The terms and conditions of the Auction Results, including the consideration provided, are fair and reasonable, and the Sale shall not be avoided under Section 363(n) of the Bankruptcy Code.

P.      The Buyers would not have entered the Auction and would not consummate the transactions contemplated hereby if the Sale of the NE Vehicles were not free and clear of all Liens, Claims, Interests, and Encumbrances (each as defined below), including without limitation claims of successor liability, pursuant to Section 363 of the Bankruptcy Code. The total consideration to be provided reflects the Buyers' reliance on this Sale Order to provide them, pursuant to Sections 105(a) and 363(f) of the Bankruptcy Code, with title to and possession of the NE Vehicles free and clear of all Liens, Claims, Interests, and Encumbrances. A sale of the NE Vehicles other than one free and clear of all Liens, Claims, Interests, and Encumbrances would yield substantially less value for the Debtor's estate. Therefore, the Sale is in the best interests of the Debtor, its estate, creditors, stakeholders, and all other parties in interest.

10283650

Page            9
Debtor:         JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:       26-14194 (MEH)
Caption of Order:   ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE
                    AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B)
                    APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN
                    DAY STAY, AND (D) GRANTING RELATED RELIEF

Q.      The Debtor may sell the NE Vehicles free and clear of all Liens, Claims, Interests, and Encumbrances because, with respect to each creditor or interested party asserting a Lien, Claim, Interest, or Encumbrance in any of the NE Vehicles, one or more of the standards set forth in Section 363(f)(1)-(5) of the Bankruptcy Code has been satisfied. Those holders of Liens, Claims, Interests, and Encumbrances who did not object or who withdrew their objections to the Sale are deemed to have consented to the Sale Motion and the Sale pursuant to Section 363(f)(2) of the Bankruptcy Code. All holders of Liens, Claims, Interests, and Encumbrances are adequately protected by having their Liens, Claims, Interests, and Encumbrances attach to the net proceeds of the Sale ultimately attributable to the NE Vehicles against or in which such Liens, Claims, Interests, and Encumbrances are asserted, with the same validity, force and effect, and in the same order of priority, which such Liens, Claims, Interests, and Encumbrances now have against the NE Vehicles or their proceeds, subject to any rights, claims, and defenses the Debtor and other parties in interest may possess with respect thereto.

R.      The Buyers are not purchasing all the Debtor's assets and are not holding themselves out to the public as a continuation of the Debtor. The Sale of the NE Vehicles does not amount to a consolidation, merger, or de facto merger of the Buyers and the Debtor or the Debtor's estate. There is no substantial continuity between the Buyers and the Debtor. The Buyers are not a continuation of the Debtor or the Debtor's estate, and the Buyers do not constitute successors to the Debtor or the Debtor's estate.

S.      The transfer of the NE Vehicles to the Buyers at closing will be a legal, valid, and effective transfer of the NE Vehicles, and shall vest the Buyers with all of the Debtor's rights, title,

10283650

| Page | 10 |
|---|---|
| Debtor: | JOSHUA TOURS LIMITED LIABILITY COMPANY |
| Case No.: | 26-14194 (MEH) |
| Caption of Order: | ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B) APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN DAY STAY, AND (D) GRANTING RELATED RELIEF |

and interest in the NE Vehicles, free and clear of all Liens, Claims, Interests, and Encumbrances of any kind or nature whatsoever. Time is of the essence in consummating the Sale. To maximize the value of the NE Vehicles, it is essential that the closings occur promptly. Accordingly, there is cause to waive the fourteen (14) day stay as contemplated by Bankruptcy Rules 6004(h) and 6006(d).

T.     The sale of the NE Vehicles outside of a plan of reorganization pursuant to the Auction Results neither impermissibly restructures the rights of the Debtor's creditors nor impermissibly dictates the terms of a plan of reorganization for the Debtor. The Sale does not constitute a *sub rosa* chapter 11 plan.

U.     Good and sufficient reasons for approval of the Auction and the Sale have been articulated to the Court in the Sale Motion and on the record at the Sale Hearing, and the relief requested in the Sale Motion and set forth in this Sale Order is in the best interests of the Debtor, its estate, creditors, stakeholders, and other parties in interest.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.     The Sale Motion and the relief requested therein is **GRANTED** and approved as set forth herein.

2.     All objections, if any, to the Sale Motion or the relief requested therein that have not been withdrawn, waived, or settled as announced to the Court at the Sale Hearing or by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits.

10283650

Page                    11
Debtor:                 JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:               26-14194 (MEH)
Caption of Order:       ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE
                        AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B)
                        APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN
                        DAY STAY, AND (D) GRANTING RELATED RELIEF

3.      Pursuant to Sections 105, 363, 506 and 1146(a) of the Bankruptcy Code, Bankruptcy Rules 6004, 6006, and 9014, and Local Rules 6004-1 through 6004-5, the Auction Results and all the terms and conditions therein, the Sale of the NE Vehicles, and consummation of the transactions contemplated thereby are hereby approved and authorized.

4.      The Debtor has demonstrated sound business judgment and is authorized and empowered pursuant to Section 363 of the Bankruptcy Code to sell the NE Vehicles, including those vehicles set forth on **Schedule A** hereto, to the Buyers on the terms and conditions set forth in the Auction Results.

5.      All NE Vehicles are sold on an "as-is," "where-is" basis, with no representations or warranties of any kind, express or implied, including without limitation any representations or warranties with respect to condition, merchantability, or fitness for a particular purpose.

6.      No bidder, or any other person or entity, shall be entitled to any expense reimbursement, break-up fee, termination fee, or other similar fee or payment in connection with the Sale.

7.      The Debtor is authorized to execute and deliver such bills of sale, assignments, conveyances, and other documents and instruments of transfer that may be reasonably necessary or desirable to implement the Auction Results and to take all further actions as may be (a) reasonably requested by the Buyers for the purpose of assigning, transferring, granting, conveying, and conferring to the Buyers, or reducing to possession, the NE Vehicles, or (b) necessary or appropriate to the performance of the obligations contemplated by the Auction Results, all without further order of the Court.

10283650

Page                   12
Debtor:                JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:              26-14194 (MEH)
Caption of Order:      ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE
                       AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B)
                       APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN
                       DAY STAY, AND (D) GRANTING RELATED RELIEF

8.      To the extent the Debtor and any Buyer execute a separate sale agreement in connection with the transactions contemplated by the Auction Results (each, a "Sale Agreement"), such Sale Agreement is hereby approved and the Debtor is authorized to perform thereunder. In the event of any inconsistency between the terms of a Sale Agreement and this Sale Order, the terms of this Sale Order shall control. Copies of any Sale Agreement(s) shall be filed with the Court or maintained by the Debtor and made available upon request.

9.      Pursuant to Sections 105(a), 363(b), and 363(f) of the Bankruptcy Code and in accordance with the terms of the Auction Results, the Debtor is authorized and directed to transfer the NE Vehicles, including those set forth on **Schedule A** hereto, to the Buyers, and upon the closing, such transfer shall: (a) be valid, legal, binding, and effective; (b) vest the Buyers with all right, title, and interest of the Debtor in the NE Vehicles; and (c) be free and clear of all Liens, Claims, Interests, and Encumbrances of any kind or nature whatsoever, including without limitation all liens (statutory or otherwise), mortgages, pledges, security interests, charges, hypothecations, encumbrances, and claims, rights, causes of action, debts, liabilities, and obligations of any kind or nature, whether arising prior to or subsequent to the commencement of the Debtor's Chapter 11 Case, whether known or unknown, whether accrued or fixed, direct or indirect, liquidated or unliquidated, absolute or contingent, matured or unmatured, determined or undeterminable, and whether imposed by agreement, understanding, law, equity, or otherwise (collectively, "Liens, Claims, Interests, and Encumbrances"), with all such Liens, Claims, Interests, and Encumbrances to attach to the net proceeds of the Sale, in the same amount and order of their priority, with the same validity, force, and effect which they have against the NE Vehicles,

10283650

Page          13
Debtor:       JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:     26-14194 (MEH)
Caption of Order:  ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE
AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B)
APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN
DAY STAY, AND (D) GRANTING RELATED RELIEF

and subject to any claims and defenses the Debtor and other parties in interest may possess with respect thereto.

10.     The Sale is not and does not amount to a consolidation, merger, or de facto merger of the Buyers and the Debtor or the Debtor's estate. There is no substantial continuity between the Buyers and the Debtor or the Debtor's estate. The Buyers are not, and will not be, a continuation of the Debtor or the Debtor's estate, and the Buyers do not constitute successors to the Debtor or the Debtor's estate.

11.     The transfer of the NE Vehicles to the Buyers does not and will not subject the Buyers to any liability whatsoever with respect to the operation of the Debtor's business before the closing or by reason of such transfer under the laws of the United States, any state, territory, or possession thereof, based, in whole or in part, directly or indirectly, on any theory of law or equity, including, without limitation, any theory of antitrust or successor or transferee liability.

12.     Upon the closing, and except as otherwise expressly provided in the Auction Results, the Buyers shall not be liable for any Liens, Claims, Interests, and Encumbrances against or relating to the Debtor, or its operations prior to closing.

13.     Upon the closing, the Buyers shall not be deemed to be a "successor" to the Debtor or the Debtor's estate for any purpose, and shall not have any liability or responsibility for any claim against or obligation of the Debtor, including, without limitation, within the meaning of any foreign, federal, state, or local revenue law, pension law, the Employee Retirement Income Security Act of 1974 ("ERISA"), the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C.

10283650

| | |
|---|---|
| Page | 14 |
| Debtor: | JOSHUA TOURS LIMITED LIABILITY COMPANY |
| Case No.: | 26-14194 (MEH) |
| Caption of Order: | ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B) APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN DAY STAY, AND (D) GRANTING RELATED RELIEF |

§§ 2101 et seq., Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), the Fair Labor Standards Act, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act of 1967, the National Labor Relations Act, 29 U.S.C. § 151, et seq., or in respect of: (i) any environmental liabilities, debts, claims, or obligations arising from conditions first existing on or prior to the closing date; (ii) any liabilities, penalties, costs, debts, or obligations of or required to be paid by the Debtor for any taxes of any kind for any period, labor, employment, or other law, rule, or regulation; (iii) any products liability law or doctrine with respect to the Debtor's liability under such law, rule, or regulation or doctrine; or (iv) any consumer protection law or doctrine with respect to the Debtor's liability under such law, rule, or regulation or doctrine. The Sale Motion shall be deemed to have provided sufficient notice as to the Sale of the NE Vehicles free and clear of all such liabilities and obligations.

14.     Without limiting the generality, effect, or scope of the foregoing, as a result of and following the closing of the Sale to the Buyers, the Buyers and their respective affiliates, predecessors, successors, assigns, members, partners, directors, officers, agents, principals, and shareholders (or equivalent) shall have no successor or vicarious liabilities of any kind or character, including, without limitation, any theory of antitrust, environmental, transferee liability, continuity of enterprise, mere continuation, labor law, bulk sales law, employment or benefits law, alter ego, veil piercing, de facto merger, or substantial continuity, whether known or unknown as of the closing date, now existing or hereafter arising, whether legal or equitable, matured or unmatured, contingent or non-contingent, liquidated or unliquidated, whether imposed by agreement, understanding, law, equity, or otherwise with respect to the Debtor or any obligations of the Debtor

Page                15
Debtor:             JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:           26-14194 (MEH)
Caption of Order:   ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE
                    AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B)
                    APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN
                    DAY STAY, AND (D) GRANTING RELATED RELIEF

relating to the period prior to the closing date, including, without limitation, United States or foreign pension liabilities or liabilities on account of any federal, state, or other taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to or determined with respect to the operation of the NE Vehicles or the Debtor's business on or prior to the closing date. The consideration given by the Buyers shall constitute valid and valuable consideration for the release of any potential claims of successor liability against the Buyers, which releases shall be deemed to have been given in favor of the Buyers by all holders of Liens, Claims, Interests, and Encumbrances against the Debtor or the NE Vehicles.

15.    The Debtor and the Buyers, and their respective affiliates, members, principals, and their respective advisors have proceeded in good faith and without collusion in all respects. The Auction Results and each of the transactions contemplated therein were negotiated, proposed, and entered by the Debtor and the Buyers in good faith, without collusion, and from arm's-length bargaining positions. The Buyers are "good faith purchasers" within the meaning of Section 363(m) of the Bankruptcy Code and, as such, are entitled to all the benefits and protections afforded thereby. The reversal or modification on appeal of the authorization provided herein of the Sale shall neither affect the validity of the Sale nor the transfer of the NE Vehicles to the Buyers, free and clear of Liens, Claims, Interests, and Encumbrances, unless such authorization is duly stayed before the closing pending such appeal. No stay pending appeal of this Sale Order has been requested, or, if requested, has been denied.

16.    Pursuant to Sections 105 and 363 of the Bankruptcy Code, the Debtor and the Buyers are each hereby authorized and directed to take any and all actions necessary or appropriate

10283650

| | |
|---|---|
| Page | 16 |
| Debtor: | JOSHUA TOURS LIMITED LIABILITY COMPANY |
| Case No.: | 26-14194 (MEH) |
| Caption of Order: | ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B) APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN DAY STAY, AND (D) GRANTING RELATED RELIEF |

to: (a) consummate the Sale of the NE Vehicles on the terms and subject to the conditions set forth in the Auction Results; and (b) perform, consummate, implement, and fully close the transactions contemplated by the Auction Results and execute and deliver any additional instruments and documents that reasonably may be necessary or desirable to implement the Auction Results.

17.     The consideration provided by the Buyers for the NE Vehicles under the Auction Results shall be deemed for all purposes to constitute reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law, and the Sale may not be avoided, or costs or damages imposed or awarded, under Section 363(n) or any other provision of the Bankruptcy Code.

18.     On the closing dates, this Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the NE Vehicles to the Buyers as set forth on **Schedule A** hereto, or a bill of sale transferring good and marketable title in such NE Vehicles to the Buyers on the closing date, free and clear of all Liens, Claims, Interests, and Encumbrances.

19.     The net Sale proceeds for each NE Vehicle set forth on **Schedule A** hereto shall be held by Debtor's counsel in a segregated trust account pending release to the respective Secured Lenders or further order of this Court in the event of any disputes. The Liens, Claims, Interests, and Encumbrances of the Secured Lenders shall attach to such net Sale proceeds attributable to each respective NE Vehicle in the same order of priority, with the same validity, force, and effect as existed prior to the Sale, subject to any rights, claims, and defenses the Debtor and other parties in interest may possess with respect thereto.

10283650

| Page | 17 |
|---|---|
| Debtor: | JOSHUA TOURS LIMITED LIABILITY COMPANY |
| Case No.: | 26-14194 (MEH) |
| Caption of Order: | ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B) APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN DAY STAY, AND (D) GRANTING RELATED RELIEF |

20. Absent a dispute as to the secured portion of any loan amount owed to a Secured Lender, the Debtor is authorized to distribute the Sale proceeds set forth on Schedule A to the respective Secured Lenders for each NE Vehicle without further Order of the Court. In the event that there is a dispute amongst the parties as to the secured amount of any loan, the Debtor shall be authorized to distribute the "undisputed" portion of the Sale Proceeds to the respective Secured Lender, and any disputed portion of the Sale Proceeds shall be subject to further order of this Court following adjudication of any disputes, including any Section 506(a) determinations.

21. The Buyer's Premium charged by the Auctioneer is reasonable and necessary to preserve and dispose of the NE Vehicles for the benefit of the Secured Lenders and the estate, and is authorized pursuant to the Bid Procedures Order and under Section 506(c) of the Bankruptcy Code. The Buyer's Premium shall be paid solely to the Auctioneer and shall not be used to fund general estate costs.

22. The Debtor is authorized to turn the Unsold Vehicles over to the respective Secured Lender maintaining a first priority lien position on each Unsold Vehicle without further Order of the Court.

23. This Order is and shall be binding upon and shall authorize and direct all entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies or units, governmental departments or units, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to

10283650

Page                18
Debtor:             JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:           26-14194 (MEH)
Caption of Order:   ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE
                    AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B)
                    APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN
                    DAY STAY, AND (D) GRANTING RELATED RELIEF

report or insure any title or state of title in or to the NE Vehicles conveyed to the Buyers. All such

persons and entities are authorized and specifically directed to strike all recorded Liens, Claims,

Interests, and Encumbrances against the NE Vehicles from their records, official and otherwise.

24.    If any person or entity that has filed statements or other documents or agreements

evidencing Liens on, or Interests in, the NE Vehicles shall not have delivered to the Debtor before

the closing, in proper form for filing and executed by the appropriate parties, termination

statements, instruments of satisfaction, releases of liens, and any other documents necessary for

the purposes of documenting the release of all Liens that such person or entity has or may assert

with respect to any of the NE Vehicles, (a) the Debtor and the Buyers are hereby authorized to

execute and file such statements, instruments, releases, and other documents on behalf of such

person or entity with respect to the NE Vehicles, and (b) the Buyers are hereby authorized to file,

register, or otherwise record a certified copy of this Order, which, once filed, registered, or

otherwise recorded, shall constitute conclusive evidence of the release of all Liens, Claims,

Interests, and Encumbrances against the NE Vehicles. This Sale Order is deemed to be in

recordable form sufficient to be placed in the filing or recording system of each and every federal,

state, or local government agency, department, or office, including any state Department of Motor

Vehicles.

25.    All title holders of the NE Vehicles, including all Secured Lenders, must provide

the titles to each of the NE Vehicles sold at the Auction to the Debtor in an expeditious manner

(but no more than three (3) business days) after entry of this Sale Order in order for the Debtor to

convey the titles to the successful Buyers, or as otherwise agreed to by the parties.  The Debtor

10283650

| Page | 19 |
|---|---|
| Debtor: | JOSHUA TOURS LIMITED LIABILITY COMPANY |
| Case No.: | 26-14194 (MEH) |
| Caption of Order: | ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B) APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN DAY STAY, AND (D) GRANTING RELATED RELIEF |

may consent to extend this deadline if a Secured Lender is acting in good faith to obtain titles not in its possession.  Original vehicle titles will be mailed to each successful Buyer via guaranteed mail and are expected to be delivered within approximately fifteen (15) days after entry of this Sale Order; provided, however, that in the event the Debtor is acting reasonably and in good faith, failure to meet such time frame shall not be a risk assumed by the Debtor or the Auctioneer.

26.    None of the NE Vehicles shall be released to a successful Buyer until (a) entry of this Sale Order, (b) payment by the Buyer of the total purchase price (including the Buyer's Premium), and (c) such funds clearing to the satisfaction of the Auctioneer and Debtor.  Each successful Buyer must present valid proof of insurance to drive the purchased NE Vehicle prior to or concurrent with pickup. Successful Buyers must remove purchased NE Vehicles from the applicable premises at their own risk, expense, and liability during the pickup times assigned by the Debtor and Auctioneer following entry of this Sale Order.

27.    In the event any successful Buyer fails to pay the total purchase price (including the Buyer's Premium) within forty-eight (48) hours of being invoiced by the Auctioneer, or otherwise fails to consummate the purchase of the applicable NE Vehicle, the Debtor and/or the Auctioneer are authorized, without further order of this Court, to: (a) deem such Buyer in default, (b) offer the NE Vehicle to the next highest bidder with a bid in excess of the reserve established for a particular NE Vehicle, if any, and/or discuss with the relevant Secured Lender whether a bid below the established reserve price is acceptable to consummate a sale of the NE Vehicle at issue, and (c) pursue any and all remedies available at law or in equity, including retention of any deposit or other amounts paid by the defaulting Buyer as liquidated damages.  In the event of any such

10283650

Page                    20
Debtor:                 JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:               26-14194 (MEH)
Caption of Order:       ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE
                        AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B)
                        APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN
                        DAY STAY, AND (D) GRANTING RELATED RELIEF

modified sale, the Debtor shall file an update to the Auction Results within forty-eight (48) hours of the closing of such modified sale.

28.     Except as otherwise provided in the Auction Results, any and all NE Vehicles being sold pursuant to the Auction Results in the possession or control of any person or entity, including without limitation any vendor, supplier, or employee of the Debtor, shall be transferred to the Buyers free and clear of all Liens, Claims, Interests, and Encumbrances and shall be delivered at the time of closing to the Buyers. All persons that are currently in possession of some or all the NE Vehicles are hereby directed to surrender possession of such NE Vehicles to the Buyers as of the closing.

29.     Upon the closing, all persons and entities, including but not limited to the Debtor's employees, former employees, all debt security holders, equity security holders, administrative agencies, governmental, tax and regulatory authorities, secretaries of state, federal, state, and local officials, lenders, contract parties, lessors, trade creditors, and all other creditors holding Liens, Claims, Interests, or Encumbrances of any kind or nature whatsoever against the Debtor or any of its respective interests in the NE Vehicles (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or noncontingent, known or unknown, liquidated or unliquidated, senior or subordinated), arising under or out of, in connection with, or in any way relating to the Debtor's business operations or the NE Vehicles, or with respect to any Liens, Claims, Interests, and Encumbrances arising out of or related to the Sale, shall be and hereby are permanently and forever barred, estopped, restrained, and enjoined from: (a) commencing or continuing in any manner any action or other proceeding against the Buyers, their affiliates,

10283650

Page              21
Debtor:           JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:         26-14194 (MEH)
Caption of Order: ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE
                  AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B)
                  APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN
                  DAY STAY, AND (D) GRANTING RELATED RELIEF

successors, or assigns, or the NE Vehicles; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Buyers, their affiliates, successors, or assigns, or the NE Vehicles; (c) creating, perfecting, or enforcing any Claims against the Buyers, their successors or assigns, or the NE Vehicles; (d) asserting a Claim as a setoff, right of subrogation, or recoupment of any kind against any obligation due the Buyers, or their successors or assigns; or (e) commencing or continuing any action in any manner or place that does not comply, or is inconsistent, with the provisions of this Sale Order or the agreements or actions contemplated or taken in respect thereof.

30.    Without limiting the effect or scope of the foregoing paragraph, the injunction set forth therein shall specifically include, without limitation, a permanent injunction precluding (i) the commencement or continuation of any action or proceeding, whether in law or equity, in any judicial, administrative, arbitral, or other proceeding against the Buyers or the NE Vehicles, (ii) the enforcement of any lien, encumbrance, or other interest against the NE Vehicles, (iii) the creation, perfection, or enforcement of any Lien, Claim, Interest, or Encumbrance, (iv) the assertion of any right of setoff, subrogation, recoupment, reversion, assignment, or specific performance of any kind, (v) the commencement or continuation of any action that does not comply with, or is inconsistent with, the provisions of this Order, any actions contemplated or taken in respect hereof, or the Auction Results, and (vi) the revocation, termination, or failure or refusal to renew any governmental authorization or other right, license, permit, registration, or governmental authorization or other permission or approval to operate any of the NE Vehicles sold, transferred, or conveyed to the Buyers on account of the filing or pendency of the Chapter

10283650

Page                22
Debtor:             JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:           26-14194 (MEH)
Caption of Order:   ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE
                    AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B)
                    APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN
                    DAY STAY, AND (D) GRANTING RELATED RELIEF

11 Case or the consummation of the Sale. Following the closing date, no person that was the holder of a Lien on, in, or against any of the NE Vehicles prior to the closing date shall interfere with the Buyers' title to, or use and enjoyment of, the NE Vehicles based on or related to such Lien, or any actions that the Debtor may take in the Debtor's Chapter 11 Case.

31.    The Debtor's right to seek a determination of the extent, validity, and priority of each Secured Lender's allowed secured claim under Section 506(a) of the Bankruptcy Code with respect to the NE Vehicles sold is hereby preserved and reserved for adjudication at such date and time as the Court may designate. All rights and defenses of the parties, including but not limited to the validity, amount, and priority of all Secured Lender claims, are fully preserved and reserved.

32.    Nothing in the Sale Motion or this Sale Order shall be construed as (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtor under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtor's or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Sale Motion or this Sale Order; (e) an admission by the Debtor as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; (f) a waiver or limitation of the Debtor's or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Sale Motion

10283650

Page            23
Debtor:         JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:       26-14194 (MEH)
Caption of Order: ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE
                AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B)
                APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN
                DAY STAY, AND (D) GRANTING RELATED RELIEF

are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

33.     The Debtor is hereby authorized to conduct the Sale without the necessity of complying with any state or local bulk transfer laws or similar laws of any state or other jurisdiction. No bulk sales law or any similar law of any state or other jurisdiction shall apply in any way to the Sale or the other transactions contemplated by the Auction Results or this Sale Order.

34.     Pursuant to Bankruptcy Rule 6004(f)(2), the Debtor must execute and deliver any document that is necessary or court-ordered to transfer the NE Vehicles to the Buyers. If the Debtor fails to execute or deliver any such document, this Sale Order shall be self-executing and shall constitute the authority and direction of this Court for any applicable governmental agency or third party to accept and record any and all documents or instruments necessary to effectuate or memorialize the transfer of the NE Vehicles to the Buyers, free and clear of all Liens, Claims, Interests, and Encumbrances.

35.     The automatic stay under Section 362(a) of the Bankruptcy Code is hereby modified to the extent necessary to implement and effectuate the terms and provisions of this Order and the Auction Results, including, without limitation, to permit the Buyers to take possession of the NE Vehicles upon the closing.

36.     Except as set forth in the Auction Results, the terms and provisions of the Auction Results and this Sale Order shall be specifically enforceable and binding in all respects upon, or shall inure to the benefit of, the Debtor, the Debtor's estate and its creditors, the Buyers, and their

10283650

Page                  24
Debtor:              JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:           26-14194 (MEH)
Caption of Order:  ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE
                          AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B)
                          APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN
                          DAY STAY, AND (D) GRANTING RELATED RELIEF

respective affiliates, successors, and assigns, and any affected third parties, including all persons asserting Claims, notwithstanding any subsequent appointment of any trustee, examiner, or receiver under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee, examiner, or receiver and shall not be subject to rejection or avoidance by the Debtor, its estate, its creditors, or any trustee, examiner, or receiver.

37.     If there is a direct conflict between the terms of this Sale Order and the terms of (a) the Auction Results (including all ancillary documents executed in connection therewith), (b) any sale agreement(s) executed by the Debtor and any Buyer in connection with the Sale, (c) any prior order of this Court, or (d) any pleading with respect to the Sale, the terms of this Sale Order shall govern. The failure specifically to include or refer to any particular provision of the Auction Results in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Auction Results be authorized and approved in their entirety.

38.     Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) the terms of this Sale Order shall be self-executing and immediately effective and enforceable upon its entry; (b) the Debtor is not subject to any stay in the implementation, enforcement or realization of the relief granted in this Sale Order; and (c) the Debtor, in its discretion and without further delay, may take any action and perform any act authorized under this Sale Order.

39.     Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d) or any applicable provisions of the Local Rules, this Sale Order shall not be stayed after the entry hereof, but shall be effective and enforceable immediately upon entry, and the fourteen (14) day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply.

10283650

Page                25
Debtor:             JOSHUA TOURS LIMITED LIABILITY COMPANY
Case No.:           26-14194 (MEH)
Caption of Order:   ORDER (A) AUTHORIZING THE SALE OF CERTAIN DEBTOR'S ASSETS FREE
                    AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES, (B)
                    APPROVING THE RESULTS OF THE AUCTION, (C) WAIVING THE FOURTEEN
                    DAY STAY, AND (D) GRANTING RELATED RELIEF

40.    Except as to governmental units (as defined in Section 101(27) of the Bankruptcy Code), this Sale Order shall constitute a final and appealable order within the meaning of 28 U.S.C. § 158(a). The Debtor, the Buyers, and all creditors and parties in interest intend that the Sale close as soon as practicable following entry of this Sale Order and there is no just reason for delay in the implementation of this Sale Order.

41.    This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Sale Order, including, without limitation, the authority to: (a) interpret, implement, and enforce the terms and provisions of this Sale Order or of the Auction Results, including any amendments thereto and any waivers and consents provided in respect thereof (and of each of the agreements executed in connection therewith); (b) protect the Buyers and/or the NE Vehicles from and against any Liens, Claims, Interests, and Encumbrances or any "successor liability" claims of any kind or nature whatsoever; (c) adjudicate any disputes regarding the extent, validity, priority, and amount of the Secured Lenders' allowed secured claims under Section 506(a) of the Bankruptcy Code; (d) adjudicate any disputes regarding the distribution of Sale proceeds; and (e) enter such orders as may be necessary to implement or enforce any of the provisions of this Sale Order.

42.    The provisions of this Sale Order are final, non-severable, and mutually dependent.

10283650

## **Schedule A**

Auction Results

JOSHUA TOURS LIMITED LIABILITY COMPANY
CASE NO.: 26-14194 (MEH)

SECOND AMENDED AUCTION RESULTS

Sold Buses:

| Bus # | Lot # | VIN | Bank | Loan # | Final Reserve Price | High Bid | Buyer Name |
|---|---|---|---|---|---|---|---|
| H32 | 100 | 1BAKFCJH8PF391963 | Ascentium | 2668898 | $63,500 | $76,000 | Abdelhamid, Maysun |
| H33 | 101 | 1BAKFCJH6PF391962 | Ascentium | 2668898 | $66,000 | $73,000 | Abdelhamid, Maysun |
| H36 | 200 | 1BAKFCJH1PF390699 | Balboa | 341534-002 | $69,000 | $74,000 | Abdelhamid, Maysun |
| H58 | 201 | 1BAKFCJH1SF813581 | Balboa | 341534-007 | $106,000 | $109,000 | Soliman, Mona |
| H38 | 300 | 1BAKFCJH2RF803541 | Bancorp | 28282-99713 | $83,200 | $81,000 | Abdelhamid, Maysun |
| H39 | 301 | 1BAKFCJH8RF806055 | Bancorp | 28282-99923 | $85,200 | $81,000 | Abdelhamid, Maysun |
| H45 | 302 | 1BAKFCJH6RF806054 | Bancorp | 28282-99922 | $83,200 | $81,000 | Abdelhamid, Maysun |
| 99 | 303 | 7GZ07RB75RN000671 | Bancorp | 28282-104289 | $70,000 | $76,000 | Bredell, Les |
| 100 | 304 | 7GZ07RB78RN000647 | Bancorp | 28282-104290 | $70,500 | $75,000 | Abedrabbo, Frank |
| 101 | 305 | 7GZ07RB74RN000631 | Bancorp | 28282-104291 | $71,331 | $76,500 | Abdelhamid, Maysun |
| 102 | 306 | 1HA0GRB70RN005849 | Bancorp | 28282-104727 | $71,331 | $74,331 | Abedrabbo, Frank |
| 103 | 307 | 1HA0GRB79RN005932 | Bancorp | 28282-104728 | $70,000 | $76,000 | Hillmans Bus Service Inc, Hillman, Dan |
| 104 | 308 | 1HA0GRB71RN005987 | Bancorp | 28282-104732 | $68,727 | $76,727 | Fernandez, Johan |
| H44 | 400 | 1BAKFCJH8RF803544 | Huntington | 003-0662202-508 | $70,000 | $101,000 | Da Silva, MANUEL J |
| H40 | 500 | 1BAKFCJH1RF806057 | Integrated | 19318 | $85,000 | $85,000 | Abdelhamid, Maysun |
| H42 | 501 | 1BAKFCJH3RF806058 | Integrated | 19319 | $90,000 | $97,000 | Abdelhamid, Maysun |
| H49 | 600 | 1BAKFCJH2SF807062 | Old Second National | 003-0662202-509 | $94,600 | $106,600 | Soliman, Mona |
| H50 | 601 | 1BAKFCJHXSF807066 | Old Second National | 003-0662202-509 | $97,200 | $108,000 | Weis, Kevin |
| H51 | 602 | 1BAKFCJH1SF807067 | Old Second National | 003-0662202-509 | $100,300 | $107,000 | Raphael, Eric |
| H47 | 701 | 1BAKFCJH73F806747 | Santander | 002-0030580-000 | $102,000 | $103,000 | Abdelhamid, Maysun |
| H59 | 800 | 1BAKFCJH3SF813582 | Sumitomo | 103593-(2804877) | $109,200 | $109,200 | Abdelhamid, Maysun |
| 119 | 801 | 1GB0GRBP7R1158275 | Sumitomo | 103502-(30662202510) | $71,000 | $78,000 | Hillmans Bus Service Inc, Hillman, Dan |
| 120 | 802 | 1GB0GRBP0R1158327 | Sumitomo | 103502-(30662202510) | $71,000 | $75,000 | Hillmans Bus Service Inc, Hillman, Dan |
| 121 | 803 | 1GB0GRBP1R1158515 | Sumitomo | 103502-(30662202510) | $70,000 | $76,000 | Bredell, Les |
| 122 | 804 | 1GB0GRBP9R1158200 | Sumitomo | 103502-(30662202510) | $67,800 | $75,500 | Abedrabbo, Frank |
| 123 | 805 | 1GB0GRBP5R1158260 | Sumitomo | 103502-(30662202510) | $67,800 | $71,000 | Abedrabbo, Frank |
| H60 | 900 | 1BAKFCJH9SF813585 | Verdant | 9089000 | $101,900 | $107,000 | Raphael, Eric |
| H61 | 901 | 1BAKFCJH0SF813586 | Verdant | 9089000 | $105,000 | $107,000 | Beloved Community Ch, Moeller, Duanne |
| H62 | 902 | 1BAKFCJH5TF814413 | Verdant | 9089001 | $105,000 | $122,000 | Abdelhamid, Maysun |
| H63 | 903 | 1BAKFCJH7TF814414 | Verdant | 9089001 | $105,000 | $120,000 | Soliman, Mona |
| H64 | 904 | 1BAKFCJH1TF814411 | Verdant | 9089002 | $105,000 | $122,000 | Abdelhamid, Maysun |
| H65 | 905 | 1BAKFCJH1TF814412 | Verdant | 9089002 | $105,000 | $121,000 | Beloved Community Ch, Moeller, Duanne |
| H34 | 1000 | 1BAKFCJH2PF391960 | Wells Fargo | 001-0010881-000 | $40,000 | $77,000 | Abdelhamid, Maysun |
| H35 | 1001 | 1BAKFCJH6PF391959 | Wells Fargo | 001-0010881-000 | $40,000 | $79,000 | Weis, Kevin |
| H37 | 1002 | 1BAKFCJH5RF397108 | Wells Fargo | 001-0010881-002 | $70,000 | $89,000 | Soliman, Mona |
| H41 | 1003 | 1BAKFCJHXRF806056 | Wells Fargo | 001-0010881-004 | $84,000 | $87,000 | Abdelhamid, Maysun |
| H43 | 1004 | 1BAKFCJH4RF803542 | Wells Fargo | 001-0010881-005 | $90,100 | $99,000 | ODowd, James |
| H48 | 1005 | 1BAKFCJH3SF807068 | Wells Fargo | 001-0010881-006 | $110,000 | $78,000 | Abdelhamid, Maysun |
| H52 | 1006 | 1BAKFCJH8SF809222 | Wells Fargo | 001-0010881-007 | $99,000 | $107,000 | Soliman, Mona |
| H53 | 1007 | 1BAKFCJH6SF809218 | Wells Fargo | 001-0010881-007 | $104,000 | $105,000 | Raphael, Eric |
| H54 | 1008 | 1BAKFCJH4SF809220 | Wells Fargo | 001-0010881-007 | $104,000 | $108,000 | ODowd, James |
| H55 | 1009 | 1BAKFCJH8SF809219 | Wells Fargo | 001-0010881-007 | $100,000 | $97,000 | Abdelhamid, Maysun |
| 105 | 1012 | 1HA0GRB72RN006064 | Wells Fargo | 001-0010881-008 | $78,000 | $73,500 | Abedrabbo, Frank |
| 106 | 1013 | 1HA0GRB73RN006204 | Wells Fargo | 001-0010881-008 | $78,250 | $73,500 | Abedrabbo, Frank |
| 107 | 1014 | 1HA0GRB72RN006100 | Wells Fargo | 001-0010881-008 | $76,500 | $73,500 | Abedrabbo, Frank |
| H56 | 1010 | 1BAKFCJH4SF809223 | Wells Fargo | 001-0010881-007 | $104,000 | $106,000 | Raphael, Eric |
| H57 | 1011 | 1BAKFCJH6SF809221 | Wells Fargo | 001-0010881-007 | $102,000 | $109,000 | Weis, Kevin |

Unsold Buses:

| Bus # | Lot # | VIN | Bank | Loan # | Final Reserve Price | High Bid | BUYERNAME |
|---|---|---|---|---|---|---|---|
| H46 | 700 | 1BAKFCJH5SF806746 | Santander | 002-0030580-000 | $110,000 | $106,000 | Da Silva, MANUEL J |

10347672